## BOZE SMITH v. THE STATE.

1. ACCESSORY: *Must not be indicted as a principal.*

One who advises or encourages the commission of a felony, but is not actually or constructively present when it is committed, can not be convicted under an indictment charging him as principal in the crime.

APPEAL from *Faulkner* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

### STATEMENT.

At the March term, 1881, of the Circuit Court, of Faulkner county, Boze Smith was indicted for larceny of a bale of cotton. Upon the trial, the evidence showed that the cotton was stolen by other parties—that Smith was not present, but that he advised and encouraged them to steal it.

The Court instructed the jury " that larceny is the felonious stealing, taking and carrying away the personal property of another, and all persons being present, aiding and assisting, or not being present, hath counseled, advised or procured the larceny to be committed, are principals in law and punished as such ; and if the jury should find in this case that the goods stolen were actually taken by another, that the defendant not being present at the taking, had advised, encouraged or procured the same to be taken, they will find him guilty."

The jury found the defendant guilty, and he filed a motion for new trial for error in the instruction of the court, which being overruled, he filed a bill of exceptions and obtained an appeal from one of the judges of this court.

*Clark & Williams*, for appellant.

Argued orally.

*C. B. Moore, Attorney-General*, for the State :

I. The testimony shows that the appellant, if not pres-ent, aided and abetted in the theft, and was properly indicted as a principal. *Sec.* 1240, *Gantt's Dig.*

OPINION.

HARRISON, J. *Section* 1238, *Gantt's Digest*, declaring that one who aids, assists, abets, advises or encourages an-other in the commission of a crime " shall be deemed in law a principal and punished accordingly," has no reference to the manner of charging the offense. Construed with section 1243, part of the same Act (*Act of February* 16, 1838), which says : "An accessory before or after the fact, may be indicted, arraigned, tried and punished, although the principal offender may not have been arrested and tried, or may have been pardoned or otherwise discharged," its obvious meaning is, but that the punishment of the accessory shall be the same as the principal's, and shall not depend, as at common law, upon the conviction of the principal. *Bish. on Stat. Crimes, sec.* 142 ; *State* v. *Ricker*, 29 *Maine*, 84 ; *People* v. *Trim.*, 39 *Cal.*, 75 ; *People* v. *Campbell*, 40 *Cal.*, 129.

The indictment should contain a statement of the facts and circumstances constituting the offense, that the accused may be apprised of the nature of the particular accusation on which he is to be tried, and be prepared for his defense. The facts and circumstances being so materially different, one who has advised or encouraged the commission of a felony, but was not actually or constructively present when it was committed, cannot be convicted upon an indictment

charging him, not as an accessory before the fact, but as a principal perpetrator of the crime. 1 *Bish. Crim. Law.,* sec. 803 ; *Rex.* v. *Manners* 7 *Car. & Payne,* 801.

The instruction was erroneous and should not have been given.

The judgment must be reversed and the cause remanded.