## WILLIAMS v. STATE.

ACCESSORIES: *Indictment and punishment of.*
Accessories before the fact are punishable as principals, but must be indicted as accessories. It is only persons who are present, aiding and abetting, or consenting to aid and abet in a felony, who can be indicted as principals.

APPEAL from *Drew* Circuit Court.

Hon. J. M. BRADLEY, Circuit Judge.

*Hon. C. B. Moore, Att'y. Gen'l.,* for the State.

ENGLISH, C. J. On a day of October, 1880, Calvin Williams, a colored man, disappeared from his home in Drew county.

On the 4th of June, 1883, Charles Allstock was breaking up a piece of newly cleared land, a quarter of a mile from Calvin's house, which was an old deadening and dense thicket when he disappeared, and turned up an old shoe

with his plow, which contained some foot bones of a man, and on looking down where the shoe came from, he dis-- covered the ankle bones of a man projecting out into the furrow. Some of the neighbors were sent for, and among them a magistrate. They dug up the ground, and in a hole about three feet long, they found the disjointed and flesh- less skeleton of a man, which, from indications not material to be stated, they probably identified to be the remains of Calvin Williams. The back of his skull was broken in, as- if by a blow from a blunt instrument, and some of his ribs appeared to have been broken or cut.

Suspicion fell on William Johnson and Cæsar Pitts, two· colored men who lived at Calvin's house when he disap-- peared, and upon his wife Matilda. The two former were indicted and convicted on a charge of murdering him, and sentenced to be hanged.

Matilda Williams was separately indicted as an accom-- plice in this case, the indictment charging in apt words, that William Johnson and Cæsar Pitts murdered Calvin Williams with an axe, and further that Matilda Williams, at the time the murder was committed, was present, standing· by, and then and there, unlawfully, feloniously, wilfully,. and of her malice aforethought, and with premeditation and deliberation, did aid, abet and assist the said William John- son and Cæsar Pitts to do and commit the murder in man-- ner and form aforesaid.

She was tried on plea of not guilty, found by the jury, to· be guilty of murder in the first degree, refused a new trial,. sentenced to suffer the death penalty, took a bill of excep-- tions, and obtained an appeal to this court.

On the trial, after the evidence was closed, his honor, the· presiding judge, refused three instructions asked for the· State, and ten moved for the prisoner, and gave four of his· own motion, the first of which was :

"If the jury believe from the evidence, beyond a reason--

able doubt, that William Johnson and Cæsar Pitts did kill and murder the deceased Calvin Williams, as charged in the indictment, and that Matilda Williams, the defendant, stood by, aided, abetted, or assisted, or that not being present, she procured, encouraged, counseled or advised the same to be done, then she is guilty and the jury will so find."

The third was : "If the jury believe from the evidence that the defendant was not present aiding, abetting, assisting, and neither encouraged, advised, counseled or procured the commission of the crime, they will find her not guilty."

The prisoner excepted to the giving of these instructions, and made the exception ground of the motion for a new trial.

The first and third instructions moved for the prisoner were, in effect, that the evidence must support and be in conformity to the allegations made in the indictment, and show that the accused was present, standing by, aiding, abetting and assisting at the time of the alleged killing, &c.

There was not a particle of evidence that the prisoner was actually or constructively present when Calvin Williams was murdered, as charged in the indictment. The jury must have found her guilty, under the charge of the court, upon some slight, vague and unsatisfactory testimony that, though not present, she advised and encouraged the perpetration of the crime.

By common law definitions, principals are either in the first degree, or in the second degree. He who actually commits the offense is said to be principal in the first degree ; he who is present aiding and abetting him in doing it, is said to be principal in the second degree.

So by the common law, an accessory before the fact is one who, being absent at the time of the commission of the offense, doth yet procure, counsel or command another to commit it. Absence is indispensably necessary to constitute an accessory ; for if he be actually or constructively present

when the felony is committed, he is an aider and abetter, and not an accessory before the fact.

An *accessory* was defined by the *Revised Statutes* to be "he who *stands* by, aids, abets, or assists, or who, not *being present* aiding, abetting or assisting, hath advised and encouraged the perpetration of the caime.   *Rev. Statutes*, *ch. 44, p. 248; Gantt's Dig., sec. 1237.*   And it was declared that: "He who thus aids, assists, abets, advises or encourages, shall be deemed in law a principal, and *punished* accordingly." *Rev. Stat., same chap. and page; Gantt's Dig., sec. 1238.*

In this definition, the distinction between accessories before the fact and principals in the second degree, as observed in the common law definition as above given, is lost sight of.

But in the act of seventeenth December, 1838, modifying the penal code to correspond with the establishment of a penitentiary, it is declared that, "All persons *being present* aiding and abetting or ready and consenting to aid, abet in any of the offenses mentioned in this act, etc., shall be deemed principal offenders and *indicted and punished* as such.  *Gantt's Dig., sec. 1240.*  See *Freel v. State, 21 Ark., 219.*

ACCES-
SORIES:
How in-
dicted and
punished.

Accessories before the fact are punishable as principals but must be indicted as accessories.

So it was held in *Boze Smith v. State, 37 Ark., 274,* that one who advises or encourages the commission of a felony, but is not actually or constructively present when it is committed, cannot be convicted under an indictment charging him as principal in the crime.

It is only persons who are present, aiding and abetting, or ready and consenting to aid and abet in a felony, who can be *indicted* as principals.

Appellant was indicted as a principal, and without proof that she was present, but on slight, vague and unsatisfac-

tory testimony that she advised and encouraged the commission of the crime, she was convicted, under an erroneous charge of the court.

A number of witnesses testified that during the whole of the day on which Calvin Williams disappeared, she was with them picking cotton in a field, except at the dinner hour, when she was at her house.

Other errors are assigned but it is deemed of no importance to notice them.

Reversed and remanded for a new trial.