## WILLIAMS vs UNITED STATES.

Opinion delivered April 2, 1898

*1.  Accessory—Evidence of Conviction of Principal not Admissible.*

> On a prosecution of a defendant as being accessory to an assau
> under § 1505 of Mansfield's Digest, defining an accessory to h
> one "who stands by, aids, abets or assists etc.," evidence tha
> the principal has been convicted of the crime is inadmissible.

*2.  Accessory—Conviction of Principal—Parol Evidence Inadmissable.*

> In a case in which it would be proper to show the conviction
> the principal upon the prosecution of an accessory, parol ev
> dence is incompetent to show such conviction without havin
> first shown the loss or destruction of the record of same.

Appeal from the United States Court for the Sout
ern District.

C. B. KILGORE, Judge.

Lon Williams appeals from a conviction of assa
with intent to kill.    Reversed.

CLAYTON, J.    The defendant, Lon Williams, w
indicted, tried, convicted, and sentenced on the charge of
assault with intent to kill, committed on one Samuel
Childers.    The indictment, in proper form, alleges that o
John Williams, a brother of the defendant, was the prin
pal offender, and that the defendant was present, aiding a
abetting the said John Williams in the commission of the
fense.    John Williams had been previously indicted and c
victed for the assault with intent to kill, under section 21
Rev. St. U. S.    The evidence tended to prove that on
day of the alleged assault John Williams and his broth

...e defendant, both negroes, went to the law office of Child-
...s, the assaulted party, he being a lawyer, for the purpose
...transacting some business with him relating to the pur-
...ase of a house belonging to Childers, located on the land
...aimed by John Williams. While talking the matter over,
...dispute arose between them, in which, however, the de-
...ndant took no part. This dispute ended in a hand to hand
...ght between the two men, in which John Williams, with a
...cket knife, several times cut and stabbed Childers, one of
...s wounds being an exceedingly dangerous one. As to the
...fendant having criminally participated in the assault, the
...oof is very unsatisfactory. The affray was sudden. He
...ed no words of encouragement to his brother. He dis-
...yed no weapons of any kind, nor did he lay his hands on
...er of the combatants. The government proof, however,
...ws that while the two men were fighting the defendant
...pped over to where they were, and raised his fist as if to
...ke Childers, but was prevented by the interposition of
...ther man, who was in the office during the whole time of
...difficulty. The defendant, whose reputation as a peace-
...and law-abiding man was proven to be good, denied
...hs had taken any part in the difficulty, and produced
...nesses whose testimony tended to show that he was cal-
...for assistance to stop it. The court, however, on the
...of, submitted the case to the jury, giving them in charge
...nstruction on the presumption of innocence and the law
...easonable doubt. A motion for a new trial was filed,
...overruled, in which the insufficiency of the evidence to
...port the verdict was one of the grounds set up. As there
...ther grounds assigned as error upon which this case
...t be reversed, we will not now consider the insufficiency
...e evidence. After the defense had submitted all of its
...f, the United States attorney recalled the defendant, he
...ng testified in his own behalf, and, among others, over
...efendant's objection, the following questions were ask-

ed and answers made:   ·'Q. (By U. S. Atty,) What was tl
result of your brother's case?  Was he convicted or no
(Objected to by defendant as being incompetent, irrelevar
immaterial, and prejudicial to the rights of the defendant
the case, and not relevant to any of the issues in the ca
and for the further reason that it is secondary eviden
Objection overruled to which the defendant at the time
cepted.)  Q.  Was your brother convicted in this case?
Yes, sir,  Q.  When was your brothar tried?  (Objected
etc., and overruled.  Exception saved.)  A.  It was Chri
mas week.  Q.  It was since last September?  A.  Yes, si
The record of the conviction of John Williams was not p
duced, nor was it shown that it had been lost or destroy
nor, except the above testimony, was there any evidence
his conviction offered.  There are two errors assigned as
the admission of the above testimony:  (1) That it is
material and irrelevant; (2) that the record of the conv
ion of John Williams was primary evidence of that f
and, until its loss or destruction was shown, secondary
dence of the conviction was not competent.

As to the first assignment of error, was the proo
the conviction of John Williams in this case relevant
material?  In framing the indictment, it was evidently
tended to charge the defendant as an accessory before
fact, and not as a principal.  By the common law, an ac
sory before the fact is one who, being absent at the tim
the commission of the offense, doth yet procure, counse
command another to commit it.  Absence is indispens
necessary to constitute an accessory, for, if he be actual
constructively present when the felony is committed, h
an aider and abettor, and not an accessory before the
Williams vs State, 41 Ark. 173.  So, by the common
principals are either in the first degree or in the se
degree.  He who actually commits the offense is said t
principal in the first degree; he who is present, aiding

betting him in doing it, is said to be principal in the second degree. Id. In an indictment against an accessory, all of the facts necessary to constitute the offense as against the principal, together with those showing his own participation in the crime, must be alleged, and at the trial the guilt of the principal as well as of the accessory must be proven. They may be jointly or separately indicted and tried. If the principal is convicted in advance of the accessory, the record of the former's conviction is prima facie evidence of his guilt. Where the rules of the common law prevail, the accessory cannot be convicted except with or after his principal, and, if after, the record of the principal,s conviction must be produced at the trial, and no further evidence need not be offered to make a prima facie case on this point. 2 Bish. Cr. Proc. § 12. But it is otherwise as to a principal in the second degree; that is, as to those who are present, aiding and abetting. As to such the indictment need not, in its form, distinguish between principals of the first and of the second degree. Starkle states the rule to be: "When A. and B. are present, and A. commits an offense in which B. aids and assists him, the indictment may either allege the matter according to the facts, or charge them both as principals in the first degree, for the act of one is the act of the other; and upon such an indictment, B., who was present, aiding and abetting, may be convicted, though A. acquitted." 1 Starkle, Cr. Pl. (2d Ed.) 81; 2 Bish. Cr. Proc. § 3. But, in the case of a principal in the second degree, the law does not require evidence of guilt of the other party to the transaction. Mr. Bishop states the law in such case to be as follows: "But when one, instead of being an accessory, is principal in the second degree, as being present, aiding and abetting, and there is, therefore, no occasion to show the guilt of the other party to the transaction, evidence tending merely to show the other's guilt is not admissible. For example, the record of the conviction of

one who struck the fatal blow is not admissible on the tri
of another charged with standing by and abetting. It prov
no material fact, and only tends to prejudice the jury." Bis
Cr. Proc. § 14; People vs Bearss, 10 Cal. 68. Of course, t
acts of the one, in the commission of the offense, so far
they are connected with the other and are of the res gest
may be proven at the trial, but, both being principals, t
conviction of one has no tendency to show the guilt of t
other, and therefore proof of it in any form is not admis
ble. But it is contended that, under the statute in force
this jurisdiction, principals in the second degree are now
be considered as accessories before the fact, and indic
and tried as such. The statute (Mansf. Dig. § 1505) p
vides as follows: "An accessory is he who stands by, ai
abets or assists, or·who, not being present aiding, abett
or assisting, hath advised and encouraged the perpetrat
of a crime." Section 1506: "He who thus aids, assi
abets, advises or encourages, shall be deemed in law a p
cipal and be punished accordingly." Section 1508: "
persons being present, aiding and abetting, or ready
consenting to aid or abet, in any felony, shall be dee
principal offenders and indicted and punished as such." '
supreme court of Arkansas, in construing these statu
have held, substantially, that section 1505 has the ef
merely of changing the name of the common-law degree
a crime known as "principal in the second degree," to th
"accessory," without changing the principle of law rela
to those degrees; that section 1506 only alludes to the pun
ment, requiring that an accessory shall be punished to
same extent as a principal; that section 1508, embracing
cases of common-law principals in the second degree, i
tended merely to declare that as to all such, not only
punishment, but also the procedure, should be the sam
in cases of the principal offenders; that they shall be
dicted and punished as such." In Williams vs State, '41

3, the Supreme Court of Arkansas, after defining princi-
ls in the second degree and accessories before the fact at
mmon law, says: "An accessory was defined by the Re-
sed Statutes to be 'he who stands by, aids, abets or assists,
who, not being present aiding, abetting or assisting, hath
vised and encouraged the perpetration of a crime.'" This
section 1505, Mansf. Dig. "And it was declared that 'he
o thus aids, assists, abets, advises or encourages shall be
emed in law a principal, and punished accordingly.'"
is is section 1506 of Mansf. Dig. "In this definition, the
tinction between accessories before the fact and princi-
s in the second degree, as observed in the common-law
inition as above given, is lost sight of. But in the act of
h December, 1838, modifying the Penal Code to correspond
h the establishment of a penitentiary, it is declared that
persons being present aiding and abetting or ready and
senting to aid, abet in any of the offenses mentioned in
act,' etc., 'shall be deemed principal offender and in-
ed and punished as such." This is carried into Mans-
l's Digest as section 1508. "Accessories before the fact
punishable as principals, but must be indicted as acces-
es. So it was held in Smith vs State, 37 Ark. 274, that
who advises or encourages the commission of a felony,
is not actually or constructively present when it is com-
ed, cannot be convicted under an indictment charging
as principal in a crime. It is only persons who are
ent, aiding and abetting, or ready and consenting to aid
abet, in a felony, who can be indicted as principals." So
pears that, while the name of principal in the second
ee is changed to that of accessory before the fact, the
ciples of the common law governing these degrees of a
e remain as they were before the enactment of these
tes. An accessory before the fact, who was not pres-
aiding and abetting the commission of a crime, cannot
onvicted unless it is charged in the indictment and

proved at the trial that his principal is guilty of the offense
And, in the language of Mr. Bishop, above cited:    "Th
record of the conviction of one who struck the fatal blow
not admissible on the trial of another charged with standin
by and abetting.    It proves no material fact and only ten
to prejudice the jury."    This construction of the statute w
held by the Supreme Court of Arkansas prior to  the exte
sion of Mansfield's Digest over this territory; and  hence,
us, it is the adjudicated law in  this case, it having be
alleged in the indictment and proven at the  trial that t
defendant was  present at the commission of the offense
John Williams, the principal offender, and, if guilty at a
was only so by virtue of the fact that, being present,

**Accomplice**
**Accessory—**
**Evidence as**
**to conviction**
**of principal.**

aided and abetted him in his crime.    Proof that John W
liams had been convicted, was  irrelevant and immateri
and, therefore, inadmissible.    The court below erred in
fusing to sustain the objection of the defendant to the adm
sion of this testimony.    As to the second assignment
error, relating to this testimony, we think it too clear
admit of argument that upon the trial of an  accessory

**Parol Evi-**
**dence as to**
**conviction of**
**principal.**

conviction of  the principal must be shown by the record
in existence; that parol evidence cannot be used to establ
that fact  unless  its loss or destruction first be proven.
this case, if it had been alleged and shown that the defe
ant was an accessory before the fact in  the sense that
not being  present, had advised and encouraged the per
ration of the crime, so that proof of the conviction of J
Williams  would  have  been  competent, it would have b
necessary for that purpose to have produced the record,
at least first to have  shown its loss or destruction, bef
resorting to parol testimony.    For the aforesaid errors
judgment of the  court  below is reversed, and the case
manded for a new trial.

SPRINGER, C. J., and THOMAS, J., concur.    To
SEND, J., not participating.