ROBERTS V. STATE.

Opinion delivered October 3, 1910.

1. ACCOMPLICE—CORROBORATION.—An accomplice testifying in a murder case may be corroborated by proof that defendant entertained ill will towards the deceased and had threatened to kill him. (Page 61.)

2. APPEAL AND ERROR—WHEN OBJECTION TO EVIDENCE WAIVED.—Where defendant objected to parol proof of a matter of record, whereupon the prosecuting attorney said: "I will ask the clerk to bring up the record," which was not done, and defendant did not ask the court to rule upon the evidence or to exclude it, he will be held to have waived his objection. (Page 61.)

3. ACCESSORY—CONVICTION AS PRINCIPAL.—One who advises or encourages the commission of a crime, but is not present when it is committed, can not be convicted under an indictment charging him with being a principal. (Page 62.)

4. HOMICIDE—INDICTMENT AS ACCESSORY—VERDICT.—Where the indict-

ment charged that defendant was an accessory before the fact to a murder, and the proof was directed to and sustained that charge, a verdict of guilty of murder in the second degree will be upheld if it is manifest that the jury intended to convict the defendant under the charge. (Page 62.)

5. SAME—HARMLESS ERROR.—One convicted of murder in the second degree cannot complain because the proof showed that he was guilty of murder in the first degree. (Page 62.)

Appeal from Cross Circuit Court; *Frank Smith,* Judge; affirmed.

*Smith & Smith* and *S. R. Simpson,* for appellant.

1. Taylor and Robinson were accomplices. The testimony of one accomplice cannot be used to corroborate the testimony of the other.

2. It was error to admit testimony to show that appellant had been convicted of another offense. It was inadmissible. 67 Ark. 112; 65 Ark. 278; 66 Ark. 494; 68 Ark. 606; 76 Ark. 302. Proof of other crimes is always to be excluded unless it is necessary to show a motive for the offense charged, or where the offense charged is a series of acts all of which are criminal. 21 Cyc. 899; 91 Ark. 555.

3. Where it was admitted that ill-feeling existed between the appellant and the deceased, it was improper to go into the details of their differences; and it was error for the court to state, in overruling objections to such testimony, that appellant was to blame for their troubles. Art. 7, § 23, Const.; 85 Ark. 139; 45 Ark. 165; 83 Ark. 195; 45 Ark. 492; 49 Ark. 439; 52 Ark. 263; 36 Ark. 117; 59 Ark. 417; 73 Ark. 568; 54 Ark. 489; 77 Ark. 419; 70 Ark. 420.

4. The verdict is not responsive to the indictment. Kirby's Digest, § 1565; *Id.* §§ 2413, 2414; 54 Ark. 664; 45 Ark. 470; 38 Ark. 550; 50 Ark. 28; 57 Ark. 560; 15 Ark. 204; 19 Ark. 213; 37 Ark. 274; 41 Ark. 173; 42 Ark. 380; 55 Ark. 593; 75 Ark. 513; Kirby's Digest, § 1560; 83 Ark. 229; 84 Ark. 606.

*Hal L. Norwood,* Attorney General, and *W. H. Rector,* Assistant, for appellee.

1. There is affirmative proof that Robinson was not an accomplice, and the jury's finding under proper instructions of the court settles that question. His testimony sufficiently cor-

roborates Taylor. 33 Ark. 196; 46 Ark. 141; 126 S. W. 843. If, through fear for his own safety, he passively concealed the real criminal, he did not thereby become an accomplice. 43 Ark. 371; 45 Ark. 539; 51 Ark. 115; 96 Ark. 7.

2. For the purpose of showing motive for the commission of the offense charged, proof of other acts, though criminal, is admissible. 87 Ark. 17; 84 Ark. 119; 75 Ark. 427.

3. The indictment, embodying two counts, did not charge separate offenses, but only two modes in which the same offense could be committed. No election could be required; and, since an accessory before the fact is, for the purpose of punishment, a principal under the statute, the testimony in this case supports the verdict of murder in the second degree. Kirby's Digest, § 2230; 42 Ark. 105; 58 Ark. 390; 59 Ark. 422; 50 Ark. 305; 21 Cyc. 683; 45 S. W. 592; 13 Tex. 168; 43 Fla. 194; 68 Mo. 408.

McCulloch, C. J. Appellant, George Roberts, was indicted by the grand jury of Cross County, the count upon which he was convicted accusing him of the crime of accessory before the fact to the murder of one J. S. Bene, one Wes Taylor being named in the indictment as principal. No objection has been raised as to the form of the indictment. The jury returned a verdict finding appellant guilty of murder in the second degree, and fixing his punishment at confinement in the penitentiary for a term of ten years.

The crime was one of shocking atrocity. The appellant and deceased, Bene, were rival merchants at the village of Wittsburg on the St. Francis River. They were the only merchants there, both having small stocks of merchandise. Bene had been in business there about two years, and appellant opened a store less than a year before the tragedy occurred. Ill feeling grew up between them on account of charges made by Bene against appellant of unlawful sales of intoxicants. The latter was prosecuted in the courts, and about two months before the tragedy they shot at each other from their respective stores, which were on opposite sides of the road, but neither of them received any injury in this encounter.

Bene was secretly shot and killed in his store, and his body was found the next morning seated in a rocking chair. There were several buckshot wounds in his head, and several

of the shot went through the stovepipe above the body, indi-
cating that he was shot while standing up. The store door was
standing open the next morning. Two negroes, Taylor and
Robinson, were arrested, as well as appellant, and accused of
committing the crime. Taylor confessed, and at the trial of
the case testified that he shot Bene from the front of the store,
and that the appellant hired him to do it, and furnished the
gun and some whisky. Robinson testified that a short
time before the killing appellant asked him to kill Bene,
but he declined, stating that he did not have the nerve to do it.
He also testified that shortly afterwards, when appellant was
indicted on the testimony of Bene for selling liquor, appellant
said to him, "If you had done what I told you to do, it would
not have happened." The State introduced other testimony
tending to show ill will on the part of appellant toward de-
ceased. George Stone, a farmer, testified that shortly before
the killing he was hauling wood for Bene, and appellant said
to him, referring to Bene, "He has as much wood as he needs.
When I get through with him over yonder, he won't sell any
more goods up there after court." N. A. Shumake testified
that a few days after the killing appellant said to him, refer-
ring to the killing, "That is the *contents* of that court," mean-
ing the result of the recent trial in the court when appellant
was convicted of selling liquor.

It is insisted that the testimony is insufficient to support
the verdict of conviction; that Taylor and Robinson were both
accomplices, and that there is not sufficient corroboration of
their testimony to support the verdict of conviction. It is not
conclusively shown that Robinson was an accomplice. This
question was submitted to the jury under proper instructions;
and if the jury found that he was not an accomplice, then his
testimony is sufficient corroboration of Taylor's testimony. Be-
sides that, we are of the opinion that, even if Robinson was
an accomplice, there is other testimony in corroboration suffi-
cient to sustain the conviction. Proof of ill will and threats
is sufficient for that purpose.

Error of the court is assigned in permitting the court
stenographer to testify that appellant was convicted of selling
whisky on the testimony of Bene. The record does not bear

out this assignment. The witness was asked whether or not appellant was convicted, and he replied in the affirmative. Appellant's counsel interposed an objection, on the ground that a judgment could not be proved by oral testimony, and also that it was not competent proof at all. The prosecuting attorney, without pressing the matter further, replied, "Then I will ask the clerk to bring up the record, so as to meet your objection." This was not done, and no ruling of the court was asked or given on the question of the admissibility of the answer of the witness. Neither was there any request made to have the statement of the witness excluded. The above-quoted remark of the prosecuting attorney ended the matter, and appellant, by acquiescing without asking for a ruling or for the exclusion of what the witness had said, waived his objection and cannot complain now.

It is next contended that the verdict of murder in the second degree is not responsive to the indictment, and should be set aside. The statute defines an accessory before the fact to be one "who stands by, aids, abets or assists, or who, not being present aiding, abetting or assisting, hath advised and encouraged the perpetration of the crime." Kirby's Digest, § 1560. It also provides that "he who thus aids, assists, abets, advises or encourages shall be deemed in law a principal, and be punished accordingly." Kirby's Digest, § 1561. One who advises or encourages the commission of a crime, but is not present when it is committed, cannot be convicted under an indictment charging him with being principal. *Smith* v. *State,* 37 Ark. 274. The indictment in the present case charges appellant as accessory, and the proof was directed to and sustains that charge. Taking the whole record together, it is manifest that the jury intended to convict the appellant under that charge. *Blackshare* v. *State,* 94 Ark. 548.

The fact that the conviction was for accessory to murder in the second degree, when according to the proof it should have been for the higher grade of murder, does not vitiate the verdict. *Benton* v. *State,* 78 Ark. 284.

There are other assignments of error, which we have examined and find to be without merit. We think appellant was fairly tried and justly convicted, so the judgment is affirmed.