### HUGHEY *v.* STATE.

Opinion delivered October 6, 1913.

LARCENY—ACCESSORY BEFORE FACT.—Where defendant is charged with larceny of a cow, but was not present aiding, abetting and assisting in stealing the animal, but merely encouraged another to steal cattle generally, defendant was at most an accessory before the fact of the larceny and could not be convicted of larceny as a principal.

Appeal from Phillips Circuit Court; *J. M. Jackson,* Judge; reversed.

*W. R. Satterfield,* for appellant.

1. The uncorroborated testimony of an accomplice is not sufficient to warrant a conviction. Kirby's Dig., § 2384; 75 Ark. 540.

2. Where a defendant is charged as a principal in the commission of a felony, and the evidence only tends to prove that he was an accessory before the fact, the evidence does not sustain a conviction as a principal. 37 Ark. 274; 41 Ark. 173; 55 Ark. 593.

3. Where a defendant is accused of grand larceny only, and the evidence tends to prove the crime of receiving stolen property, the evidence does not sustain a conviction of grand larceny. Kirby's Dig., § 1830; 61 Ark. 15.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

Argue that there is sufficient evidence in the record to corroborate the witness, Burke, and to sustain a conviction of appellant as a principal under the accusation of grand larceny.

KIRBY, J. Appellant brings this appeal to reverse the judgment of conviction of grand larceny for stealing a black cow, belonging to one Robert Boyd, contending that the evidence is not sufficient to support the verdict.

Tom Burke testified that Hughey was in the butcher business, and told him he was in shape to handle cattle, any that he could get, and if he couldn't get them one way to get them another, and that they went out and caught a black heifer and left it at Hughey's slaughter pen. "He gave me $6 or $7 and said if I went in with him he would divide the profits." Hughey wasn't with Burke when the animal was caught, nor when she was taken to the slaughter house after dark.

Robert Boyd testified that he missed the cow and was informed that it was at Hughey's butcher shop, and that Tom Burke said he had taken the cow, knew it belonged to Boyd and that he brought it to Helena and let Sharp Hughey have it. Hughey claimed that he had bought the cow and paid for it.

Another witness saw the animal being skinned at the slaughter pen and appellant told him he had bought and paid $6 for it, and witness remarked that if he bought that cow so cheap it must have been stolen. The yearling was small, worth about $12, and he said he had paid $6 for it.

Appellant testified that he was in the butcher business, denied any understanding or agreement with Burke for stealing cattle and any knowledge that he had stolen the cow belonging to Boyd. Said he bought the animal from him, after having sent his son to the butcher pen, where Burke had carried it, to get an idea and estimate of its value. He told the officers when they came for

him that he had purchased the cow and had a bill of sale for it, which he couldn't at the time find, but later produced.

Appellant's son corroborated him as to the purchase of the cow from Tom Burke; said he went to examine it after Burke had put the animal in the slaughter pen and told his father it was worth $8; that they had bought cattle before from Tom Burke. There is no testimony whatever tending to show that there was any agreement or understanding that this or any particular animal should be stolen and brought to appellant.

Appellant was not present, aiding, abetting and assisting in stealing the cow, and if he was in accord with the act and encouraged Tom Burke to steal cattle generally, as the evidence tends to show, he was at most an accessory before the fact of the larceny and could not be convicted upon an indictment for larceny. *Roberts* v. *State,* 96 Ark. 62; *Corley* v. *State,* 50 Ark. 313; *Smith* v. *State,* 37 Ark. 274; *Williams* v. *State,* 41 Ark. 173.

Neither can he be convicted upon an indictment for larceny of receiving stolen property, knowing it to have been stolen. Not being present aiding, abetting and assisting in the taking and carrying away of the animal, the asportation of which was complete upon her delivery at the slaughter pen for inspection and sale, he was not guilty of the offense of larceny, and the testimony is insufficient to support the verdict.

The judgment is reversed and the cause remanded for a new trial.