## FRIEND v. STATE.

Opinion delivered October 20, 1913.

CRIMINAL LAW—ACCESSORY—CONVICTION AS PRINCIPAL.—One not present when an offense is committed can not properly be indicted as a principal, but if indicted at all, must be indicted as an accessory.

Appeal from Clay Circuit Court, Western District; *J. F. Gautney,* Judge; reversed.

*J. L. Taylor* and *F. G. Taylor,* for appellant.

An accessory before the fact can not be convicted of a felony under an indictment charging him with being a principal, unless he is present at the commission of the crime. Kirby's Dig., § § 1560, 1561; 37 Ark. 274; 41 Ark. 173; 55 Ark. 593; 96 Ark. 58; 22 Cyc. 455, and note 2.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

Error is confessed for that where the proof shows an accessory before the fact was not present when the crime was committed, he can not be convicted under an indictment charging him as a principal. 96 Ark. 58-62, and authorities there reviewed.

McCULLOCH, C. J. Appellant stands convicted of the crime of grand larceny under an indictment which accuses him of being a principal in the commission of the offense, not an accessory before the fact.

The testimony adduced by the State establishes the fact that one Kimmel committed the crime of grand larceny by stealing a horse in the State of Missouri and bringing the same into this State. The proof tends to show that appellant encouraged and advised the commission of the offense, but there is no testimony in the record tending to show that he was present when the offense was committed nor when the animal was brought into the State. In fact, there is no testimony showing that the stolen property was ever brought into the possession of appellant. Not being present when the offense was committed, he could not properly be indicted as a principal, but should have been indicted as accessory. *Smith*

*v. State,* 37 Ark. 274; *Williams* v. *State,* 41 Ark. 173; *Roberts* v. *State,* 96 Ark. 58; *Hughey* v. *State,* 109 Ark. 389.

The Attorney General confesses error on this ground, and it is clear that his confession must be sustained. The judgment of conviction is therefore reversed and the cause remanded for further proceedings.