STATE *v.* SCOTT.

Opinion delivered July 13, 1914.

1.  INDICTMENTS—REQUISITE ALLEGATIONS.—An indictment must con-
    tain the title of the prosecution, specifying the name of the court
    in which the indictment is presented and the name of the parties,
    a statement of the acts constituting the offense in ordinary and
    concise language, and in such a manner as to enable a person of
    common understanding to know what is intended.    Kirby's Digest,
    § 2243.

2.  INDICTMENT—SUFFICIENCY.—An indictment is sufficient if it can
    be understood therefrom that it was found by a grand jury of a
    county, empaneled in a court having authority to receive it, and
    that the offense was committed within the jurisdiction of the
    court, at some time prior to the time of finding the indictment,
    and that the act or omission charged as the offense is stated with
    such a degree of certainty as to enable the court to pronounce
    judgment on conviction, according to the right of the case.    Kirby's
    Digest, § 2228.

3.  NIGHT RIDING—CRIME OF—SUFFICIENCY OF INDICTMENT.—An indict-
    ment which alleges that defendant and one W. banded themselves
    together and in the night time, being disguised and armed with
    guns, went forth to the house of H., and alarmed and frightened
    him by seeking to assault and punish him, and by threats of vio-

lence forced him to leave his home, held good on demurrer, as sufficiently charging the crime of night riding as denounced by Act 112, p. 315, Acts 1909.

4.  NIGHT RIDING—SUFFICIENCY OF INDICTMENT.—An indictment which alleges that defendant and one W. banded themselves together, being disguised and armed with guns, and went forth to the house of one H., and, while assembled at the house of H., in the night time disguised and armed as aforesaid, they alarmed and intimidated two women (naming them) by threatening to return the next morning with a crowd of negroes, and by threatening to do violence to the said H., *held* to state sufficiently the crime of night riding as denounced in Act 112, p. 315, Acts 1909.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; reversed.

### STATEMENT BY THE COURT.

Appellee was twice indicted for the offense, commonly designated "night riding."

The first indictment is as follows, omitting the caption:

"The grand jury of White County, in the name and by the authority of the State of Arkansas, accuse Will Scott, Vine Williams, of the crime of night riding, committed as follows towit:   The said Will Scott, Vine Williams, in the county and State aforesaid, on the 17th day of June, A. D. 1913, unlawfully and feloniously then and there, in the night time of said day, banded themselves together, being disguised and armed with guns, and go forth to the house of George Hardin in the night time disguised and armed, and did alarm, intimidate and frighten the said George Hardin by seeking to assault and punish him, the said George Hardin, and by threats of violence, force him, the said George Hardin, to leave his home, against the peace and dignity of the State of Arkansas."

The charging part of the second indictment was as follows:

"Did unlawfully and feloniously, in the night time of said day, did band themselves together, being disguised and armed with guns, and go forth to the house

of George Hardin, and while assembled at the said house of the said George Hardin, in the night time, disguised and armed as aforesaid, alarm and intimidate Mrs. Nina Hardin and Mrs. Ruth Isaacs, by threatening to return the next morning with a larger bunch or crowd of negroes, and by threatening to do violence to the said George Hardin, against the peace and dignity of the State of Arkansas.''

Demurrers were interposed to each of these indictments, alleging various defects to exist in them, and the demurrers were sustained and the defendant ordered discharged. The State has appealed from this judgment of the court.

*Wm. L. Moose,* Attorney General, and *J. N. Rachels,* for appellant.

1. The indictment contains enough to charge in plain terms a violation of the act. Acts 1909, No. 112. *Holland* v. *State,* 111 Ark. 214; 163 S. W. 781.

2. The precise words need not be used, if the facts which constitute the offense are stated. 47 Ark. 488; 62 *Id.* 512; 77 *Id.* 321; Kirby's Dig., § 2241-2-3, 2228. No indictment is insufficient, nor can the trial, judgment or other proceedings be affected by any defect which does not tend to the prejudice of the substantial rights of defendant on the merits. Kirby's Dig., § 2229; 93 Ark. 406-408.

No brief for appellee.

SMITH, J., (after stating the facts). These indictments were returned under Act No. 112 of the Acts of 1909, page 315.

When this act is analyzed it is found that section 1 of it provides as follows:

"If two or more persons shall unite, confederate or band themselves together for the purpose—

(a) Of doing an unlawful act in the night time;

(*b*)   Or for the purpose of doing any unlawful act while wearing any mask, white caps or robes, or being otherwise disguised;

(*c*)   Or for the purpose of going forth armed or disguised for the purpose of intimidating or alarming any person, or to do any felonious act;

(*d*)   Or if any person shall knowingly meet or act clandestinely with any such band or order, be it known by any name whatsoever, then any person who does any of these four things is guilty of a felony.

And by section 2 it is provided that:

"If two or more persons belonging to or acting with any such band or organization as defined in section 1,

(*a*)   Shall go forth at night, or shall go forth at any time disguised, and shall alarm or intimidate or seek to alarm or intimidate any person by assaulting any such person, or by damaging or destroying property, or by seeking to assault or punish any person or by seeking or attempting to damage or destroy property;

(*b*)   Or shall deliver, mail, post or have any letter, notice or other written or printed communication intended to, or which by its nature contents or superscription would naturally alarm, or intimidate, any person shall be deemed guilty of a felony."

Is a violation of law charged under these sections or either of them?

(1)   The statute provides that an indictment shall contain the title of the prosecution, specifying the name of the court in which the indictment is presented and the name of the parties, a statement of the acts constituting the offense in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended. Kirby's Digest, § 2243. And it is further provided that the indictment is sufficient if it can be understood therefrom that it was found by a grand jury of a county impaneled in a court having authority to receive it, and that the offense was committed within the jurisdiction of the court, at some time prior to the time of finding the indictment, and that the

act or omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment on conviction, according to the right of the case.  Kirby's Digest, § 2228.

(2-3-4)    The first indictment alleges that appellant and one Vine Williams banded themselves together, and in the night time, being disguised and armed with guns went forth to the house of George Hardin and alarmed and frightened him by seeking to assault and punish him, and by threats of violence forced him to leave his home.  One who did these things violated the first, second and third paragraphs of section 1 of the act above set out, and that violation is charged with sufficient certainty to meet the requirements of the statutes herein set out.

The second indictment charges that appellant and Williams banded themselves together, being disguised and armed with guns, and went forth to the house of George Hardin, and, while assembled at the house of Hardin, in the night time disguised and armed as aforesaid, they alarmed and intimidated Mrs. Hardin and Mrs. Isaacs by threatening to return the next morning with a crowd of negroes, and by threatening to do violence to the said George Hardin.

It is said that this second indictment was drawn under the provisions of the second section of the statute set out above, but whether the facts alleged constitute a violation of that section of it, they do constitute a violation of the first section.

The demurrers, therefore, were erroneously sustained, and the judgments to that effect will be reversed and the cause remanded, with directions to overrule them.