THOMAS *v.* STATE.

Opinion delivered October 31, 1927.

1. CRIMINAL LAW—POSSESSION OF STOLEN GOODS—INSTRUCTION.—An instruction in a prosecution for grand larceny, charging that the possession of recently stolen property is a circumstance which the jury may consider along with other circumstances in determining whether the possessor stole the property, unless he offers a reasonable explanation of his possession, and that, if the property alleged in the indictment was recently stolen and defendant was found in possession thereof, the jury must consider that circumstance, along with other circumstances, in determining the guilt, unless he explained possession, *held* not aptly worded, but not reversible error as making possession presumptive evidence that the possessor was guilty of larceny.

2. LARCENY—POSSESSION OF RECENTLY STOLEN PROPERTY.—The mere possession of property stolen does not raise a presumption of the defendant's guilt, but is merely an evidentiary fact pertaining to establish guilt which should be admitted to the jury.

3. CRIMINAL LAW—INSTRUCTION AS TO VENUE.—It was error to refuse an instruction that, before the jury could convict defendant of grand larceny as principal, it must find that he was actually present in the county where the larceny was committed, and aided, abetted, or assisted, or was present, ready and willing to aid and abet in the offense charged.

Appeal from Crawford Circuit Court; *J. O. Kincannon*, Judge; reversed.

*Dave Partain*, for appellant.

*H. W. Applegate*, Attorney General, and *Darden Moose*, Assistant, for appellee.

McHANEY, J. Appellant was indicted in the Crawford Circuit Court in one indictment of two counts, the first charging him with grand larceny of certain merchandise, the property of L. T. Byars, and the second charging him with burglary. He was tried and convicted for the larceny, and acquitted on the charge of burglary. From the judgment and sentence of five years in the penitentiary against him he has duly prosecuted an appeal to this court.

Appellant urges for our consideration only two errors of the trial court, either of which, he contends, calls for a reversal of this case. The first is the action of the court, on its own motion, in giving, over his general and specific objections, instruction No. 4-A, as follows:

"There is a rule of evidence that says possession of recently stolen property is a circumstance that the jury may consider, along with all the other facts and circumstances in evidence, in determining whether or not the person who is in the possession of it stole it, unless you find from the evidence that the person in possession of it offers to you a reasonable explanation of his possession. So, in this case, if you find the property alleged in the indictment was recently stolen and that this defendant was found in possession of that property, then it will be your duty to consider that circumstance, along with all the facts and circumstances in the case, in passing upon the question of guilt or innocence of the defendant, unless you find, of course, that he has explained to you his possession of it. If you find that, then you should not consider it at all."

The second is, the refusal of the court to give his requested instruction No. 6, which is as follows:

"You are instructed that, before you can convict the defendant, Frank Thomas, on the charge of grand

larceny contained in the indictment, you must find beyond
a reasonable doubt, from the testimony, that the defend-
ant was actually present in Crawford County and aided,
abetted or assisted, or was present ready and willing to
aid or abet in the taking, stealing or carrying away of
the property alleged to have been stolen, and, even if
you should find from the testimony that the defendant
received and had in his possession property described
in the indictment and alleged to have been stolen, know-
ing the same to have been stolen, but that he came into
possession of it after it had been stolen, and that he him-
self was not actually present, aiding, abetting or assist-
ing or was present, ready and consenting to aid or abet
in the stealing of the property, then you cannot convict
him of larceny under this indictment.''

1. The only evidence in the record which tends in
any way to connect appellant with the crime of larceny,
for which he was convicted, is the fact that, shortly after
the crime was committed, he had possession of some of
the stolen articles of merchandise in Sebastian County.
There is in the record sufficient evidence to go to the
jury, under a proper indictment, on the question of
appellant's guilt or innocence of receiving stolen prop-
erty, knowing the same to have been stolen. But there
is no evidence in the record, save and except the posses-
sion of the stolen articles shortly after they were stolen,
to show that he was guilty of having stolen the goods.
Appellant did not take the stand and testify in his own
behalf, and he now urges that instruction No. 4-A is
susceptible of construction that the jury should convict
him if they found from the evidence that he was in pos-
session of the stolen property shortly after it was stolen,
unless they should ''find from the evidence that the per-
son in possession of it offers to you a reasonable explana-
tion of his possession.'' And it is claimed that this is
emphasized in the last half of the instruction, providing
that, if they should find the property was recently stolen,
and that appellant was found in possession of it, it would
be their duty to consider that circumstance ''along with

all the facts and circumstances in the case, in passing upon the question of guilt or innocence of the defendant, unless you find, of course, that he has explained to you his possession of it.'' It is urged that the instruction requires appellant himself to offer a reasonable explanation of his possession, and while the instruction may be susceptible of such a construction, yet we do not think it is the necessary effect of it, but that the possession might be explained by him through other evidence than that of himself. The instruction is not aptly worded, and we think that it would have been better to have phrased this instruction somewhat like that in the case of *McDonald* v. *State*, 165 Ark. 411, 264 S. W. 961, where the court approved the following instruction:

''You are instructed that the possession of property recently stolen, without reasonable explanation of that possession, is evidence which goes to you for your consideration under all the circumstances in the case, to be weighed as tending to show the guilt of the one in whose hands such property is found, but such evidence alone does not imperatively impose upon you the duty of convicting, even though it be not rebutted.''

The court held, in that case, that the above instruction was not open to objection as being a charge upon the weight of the evidence, or as making it the necessary duty of the jury to convict upon proof of unexplained possession of property recently stolen. This court has many times held that the mere possession of property stolen and unexplained by the defendant does not afford presumptive evidence of the defendant's guilt. *Pearrow* v. *State,* 146 Ark. 182, 225 S. W. 311; *Long* v. *State,* 140 Ark. 413, 216 S. W. 306.

The rule is correctly stated in 17 R. C. L., § 76, where it is said:

''The true rule is, without doubt, that the possession of the property by the defendant, soon after the commission of the alleged crime, is merely an evidentiary fact tending to establish guilt which should be submitted to the jury, to be considered in connection with

all the other facts and circumstances disclosed by the evidence. It does not in any case raise a presumption of law that the defendant committed the alleged larceny, although the unexplained exclusive possession of stolen goods shortly after the commission of a larceny may, and often will, be sufficient evidence to justify a jury in finding the possessor guilty.''

We therefore hold on this point that the error complained of in the above instruction is not sufficient to justify a reversal of this case, but, on a re-trial, it should be so phrased as to remove the objectionable features complained of by appellant.

2. It is next insisted that instruction No. 6 should have been given, and that the court erred in its refusal to do so. In this we think appellant is correct. Before the appellant could have been convicted under the indictment charging him with this larceny, he must have been present in Crawford County, and either actually committing the larceny himself or he must have been present, aiding, abetting or assisting therein, or ready and consenting to aid and abet in the larceny. Section 2311 of C. & M. Digest reads as follows: ''All persons being present, aiding and abetting, or ready and consenting to aid and abet, in any felony, shall be deemed principal offenders, and indicted and punished as such.'' Appellant is indicted here as principal offender. Therefore he could not be indicted and convicted as a principal if he was not present, under the circumstances above named. In the case of *Friend* v. *State,* 109 Ark. 498, 160 S. W. 384, this court held that, ''not being present when the offense was committed, he could not properly be indicted as a principal, but should have been indicted as accessory.'' Citing *Smith* v. *State,* 37 Ark. 274; *Williams* v. *State,* 41 Ark. 173; *Roberts* v. *State,* 96 Ark. 58, 131 S. W. 60; *Hughey* v. *State,* 109 Ark. 389, 159 S. W. 1129.

While the unexplained possession of the property which had recently been stolen, if the jury found it to be unexplained, is a circumstance tending to show that appellant was present in Crawford County and com-

mitted the larceny, yet, if the jury should actually find, regardless of such circumstance, that he was not present and participating, then it would be their duty to find him not guilty, because, if he were not present, he has been indicted for the wrong offense and could not be convicted therefor.

In the case of *Hughey* v. *State,* 109 Ark. 389, 159 S. W. 1129, Hughey was indicted for the larceny of a cow, and was found in possession of the cow shortly after it had been stolen. The proof showed that he was not present aiding, abetting or assisting in stealing the cow, but that he had advised Tom Burke to steal cattle generally, which he would buy and dispose of in his business as a butcher, and split the profits with Tom Burke. The cow was found in his slaughter-pen shortly after it was stolen, and this court said:

"Appellant was not present aiding, abetting and assisting in the stealing of the cow, and if he was in accord with and encouraged Tom Burke to steal cattle generally, as the evidence tends to show, he was at the most an accessory before the fact of the larceny, and could not be convicted upon an indictment for larceny." (Citing *Roberts* v. *State,* 96 Ark. 62, 131 S. W. 60; *Corley* v. *State,* 50 Ark. 313, 7 S. W. 255; *Smith* v. *State,* 37 Ark. 274; *Williams* v. *State,* 41 Ark. 173). Neither can he be convicted upon an indictment for larceny of receiving stolen property, knowing it to have been stolen, not being present, aiding, abetting and assisting in the taking and carrying away of the animal, the asportation of which was complete upon her delivery at the slaughter-pen for inspection and sale  He was not guilty of the offense of larceny, and the testimony is insufficient to support the verdict."

We are therefore of the opinion that the refusal to give this instruction constituted a reversible error, and that the case must therefore be reversed and remanded for a new trial. It is so ordered.