HARRELL *v.* STATE.

Opinion delivered June 4, 1928.

*Dudley & Dudley,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

McHANEY, J. Appellant was indicted and convicted of the larceny of "one Remington automatic shotgun, of

the value of $50, the property of G. W. Barker," and sentenced to the penitentiary for one year.

It is first contended that the indictment is too indefinite and uncertain to charge the larceny of the particular gun, as there are many Remington automatic shotguns. The third subdivision of § 3013, C. & M. Digest, provides an indictment is sufficient if it can be understood therefrom "that the act or omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment on conviction, according to the right of the case." Section 3028, C. & M. Digest, 2d subdivision, relating to the contents of indictments, provides that the language must contain "a statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended."

This court has many times held that the indictment is sufficient if it states facts with sufficient certainty to charge a specific offense. *State* v. *Bunch*, 119 Ark. 219, 177 S. W. 932; *State* v. *Scott*, 114 Ark. 38, 169 S. W. 314. In *State* v. *Haller*, 119 Ark. 503, 177 S. W. 1138, the indictment charged the stealing of "one cow (bull)," and this indictment was held sufficient where the proof showed that a "bull" was the subject of the larceny. In the recent case of *Bell* v. *State*, 175 Ark. 1169, 1 S. W. (2d.) 1006, this court held that an indictment which charged the defendant with the crime of grand larceny by stealing "one certain yearling, the property of Joe Allen," was sufficient. We therefore hold that the indictment was sufficiently definite. The fact that the number of the gun was not set out in the indictment, but was proved on the trial of the case, did not render the indictment void for indefiniteness or uncertainty.

Complaint is made also of instructions 5 and 6, given by the court over appellant's objection. Instruction 5 told the jury that, if they found from the evidence, beyond a reasonable doubt, that appellant did "unlawfully and feloniously take, steal and carry away one Remington automatic shotgun, of a value in excess of $10, the prop-

erty of G. W. Barker," they should find him guilty. It is said that the instruction fails to tell the jury that the felonious intent at the time the gun was taken, if taken, was of the essence of the offense, and that it does not tell the jury that the taking must be with the intent to deprive the true owner of his property. We think the words "unlawfully" and "feloniously," as used in the instruction, are sufficient to cover the matters complained of. If the taking was done unlawfully and feloniously, it necessarily follows that it was done with felonious intent at the time of the taking, and done with the intent to deprive the owner of his property. Instruction No. 6 is as follows:

"You are instructed that the possession of property recently stolen, without reasonable explanation of that possession, is evidence which goes to you for your consideration, under all the circumstances in the case, to be weighed as tending to show the guilt of the one in whose hands such property is found, but such evidence alone does not imperatively impose upon you the duty of convicting, even though it be not rebutted."

Complaint is made of this instruction for the reason that it tells the jury that the possession of stolen property may be used by them in determining the guilt or innocence of the defendant. It does do that very thing, and that is the law. An instruction in the exact language as the above was approved in *McDonald* v. *State*, 165 Ark. 411, 264 S. W. 961, and it was again cited with approval in the recent case of *Thomas* v. *State*, 175 Ark. 279, 298 S. W. 1021, where we said, after quoting the above instruction verbatim:

"The court held in that case that the above instruction was not open to objection as being a charge upon the weight of the evidence, or as making it the necessary duty of the jury to convict upon proof of unexplained possession of property recently stolen. This court has many times held that the mere possession of property stolen and unexplained by the defendant does not afford presumptive evidence of the defendant's guilt" (Citing cases).

It is next urged that the court erred in overruling appellant's motion to require the State to elect upon which count of the indictment the State would try the defendant. The indictment was in two counts, the second charging the appellant with receiving and buying said shotgun, knowing that the same had been stolen. This count in the indictment was not submitted to the jury. The court did not submit the second count to the jury, and we fail to see where appellant was prejudiced by the action of the court in overruling his motion to require the State to elect.

It is finally insisted that the court should have peremptorily instructed a verdict of not guilty, because of the insufficiency of the indictment and the evidence to support it. What we have already said with reference to the indictment disposes of that part of this contention. It was conclusively proved, and it is undisputed, that somebody stole Mr. Barker's Remington automatic shotgun, and it is not disputed that the gun found in the possession of the appellant was Barker's gun. He identified it, both by number and otherwise. It is said that the testimony of Bryan Burgess, to the effect that appellant brought the gun to his house in the night time, and hid it in a brush-pile near his house, where it remained for some weeks, is unreasonable and unworthy of belief. This was a question for the consideration of the jury. The testimony of this witness, if believed by the jury, and apparently it did believe him, was sufficient to take the case to the jury. Appellant testified as to how he came into the possession of the gun, and, if believed by the jury, this was sufficient to exonerate him; but the jury refused to believe his story.

We do not think it necessary to set out the testimony in detail. We have examined it carefully, and find it sufficient to take the case to the jury, and its verdict on a disputed question of fact, material to the issue, is binding on this court. The court correctly charged the jury with reference to the burden of proof, the weight and

sufficiency of the evidence, credibility of the witnesses, and upon the question of reasonable doubt. We find no error, and the judgment is accordingly affirmed.