## LARIMORE v. STATE.

### Opinion delivered December 9, 1907.

1. INDICTMENT OF ACCESSORY—NEGATION OF PRESENCE OF DEFENDANT.—It is unnecessary that an indictment of one as accessory before the fact to a felony should negative his presence at the perpetration of the crime. (Page 608.)

2. ACCOMPLICE—CORROBORATION.—The testimony of an accomplice implicating defendant in the commission of arson is sufficiently corroborated by evidence of another witness that a few months before the fire he overheard defendant threatening to burn the house, by evidence showing defendant's ill feeling toward the owner of the house, and by circumstances tending to show that the fire was of incendiary origin. (Page 608.)

3. INSTRUCTION—REPETITION.—It was not prejudicial error to refuse to instruct the jury that, "in order to convict on circumstantial evidence, the facts shown by it must be absolutely incompatible with the innocence of the accused upon any rational theory, and incapable, beyond any reasonable hypothesis, of any other explanation," if the

court instructed the jury to the effect that the evidence must, before a conviction can be had, be sufficient to satisfy the jury beyond a reasonable doubt of defendant's guilt. (Page 609.)

Appeal from Sebastian Circuit Court; _Daniel Hon,_ Judge; affirmed.

_J. P. Roberts_ and _A. G. Leming,_ for appellant.

1. The demurrer should have been sustained. Absence is necessary to constitute one an accessory before the fact. 41 Ark. 173; Kirby's Digest, § 1560; 1 Wharton, Am. Crim. Law, § 134; 21 Ark. 212. Whatever is necessary to constitute the crime must be alleged. 37 Ark. 274; Kirby's Digest, § 2227; 41 Ark. 173; 58 Ark. 390; 77 Ark. 321.

The evidence of corroboration was entirely insufficient. Corroboration is not sufficient which merely shows that the offense was committed. Kirby's Digest, § 2384; 43 Ark. 367. In arson the _corpus delicti_ consists not alone of a building burned, but also of its having been wilfully fired. 76 Ala. 42; 33 Miss. 347; 29 Ga. 108. Burning by accidental causes must be satisfactorily excluded, to constitute sufficient proof of a crime committed. Cases _supra._

_William F. Kirby,_ Attorney General, and _Dan'l Taylor,_ for appellee.

The fact that the criminality of the defendant consists in the advising or encouraging of the commission of the crime, in contradistinction to actual participation therein, is all that the law requires the indictment to allege. 58 Ark. 390.

McCulloch, J. Appellant was convicted under an indictment accusing him of being accessory to the crime of arson. The indictment (omitting caption) is as follows:

"The grand jury of Scott County, in the name and by the authority of the State of Arkansas, accuse the defendant, Math Larimore, of the crime of accessory before the fact of arson, committed as follows, to-wit: that Harvey DeFore and Andrew Allen in the county aforesaid, on the 2d day of October, 1904, unlawfully, wilfully, maliciously and feloniously one gin house and mill, the tenements and property of one James Sutton then and there being, did set fire to and burn, and that the said defendant, Math Larimore, in the county aforesaid on the 2d

day of October, 1904, before the said arson was committed in manner and form aforesaid, unlawfully, wilfully, maliciously and feloniously did advise and encourage the said Harvey DeFore and Andrew Allen to do and commit the said crime of arson in manner and form aforesaid, against the peace and dignity of the State of Arkansas."

Appellant filed a demurrer to the indictment, which was overruled, on the ground that it failed to allege that he was absent when the crime of arson was committed by the principals.

The statutes of the State defining accessory before the fact to the perpetration of crime are as follows:

"Sec. 1560. An accessory is he who stands by, aids, abets or assists, or who, not being present aiding, abetting or assisting, hath advised and encouraged the perpetration of the crime.

"Sec. 1563. All persons being present aiding and abetting, or ready and consenting to aid and abet, in any felony, shall be deemed principal offenders, and indicted and punished as such." Kirby's Digest, § § 1560, 1563.

The first of the sections just quoted was a part of the Revised Statutes, and the other section was a part of the act of December 17, 1838. These two sections, taken together, constitute persons who, being present, aid and abet in the commission of a felony principals; and those who are not present but who advise and encourage the perpetration of the crime accessories before the fact. Where the accused is indicted as accessory before the fact, it is unnecessary for the indictment to negative his presence at the perpetration of the crime. Presence at the perpetration of the crime marks the distinction, under our statute, between principals and accessories before the fact, and it is sufficient in an indictment against an accessory to allege that he advised and encouraged the perpetration of the crime, without specifically alleging that he was not present.

It is contended that the evidence is not sufficient to sustain the verdict. The prosecution relied mainly upon the testimony of one Harvey DeFore, who was an accomplice in the commission of the crime. He testified that he and one Andrew Allen set fire to Sutton's gin, and that appellant gave them coal

oil to use in setting fire to the gin and paid him $10 to do it. Milo Williams testified that about four months before the gin was burned he heard a conversation between appellant and Allen in which appellant said: "We can burn old man Sutton's gin and get all the work to do;" that Allen said "No, I would rather give $150 than to burn it," and appellant replied, "I would rather burn it myself and keep the money." Appellant and Allen owned a gin in the same locality which was operated in competition with Sutton's gin. There was also some proof of ill feeling between appellant and Sutton before the gin was burned. Sutton testified that he went to the gin about sunset (it was burned about one o'clock that night), and examined the furnace to see if it was secure against escape of fire; that he found the fire entirely burned out, and the flue damper turned down so as to shut off every particle of draft.

We think that the testimony of the accomplice, DeFore, was sufficiently corroborated, and that the evidence sustained the verdict.

Appellant also complains of the refusal of the court to give an instruction to the jury that, "in order to convict on circumstantial evidence, the facts shown by it must be absolutely incompatible with the innocence of the accused upon any rational theory, and incapable, beyond any reasonable hypothesis, of other explanation." This was not prejudicial, as the court gave another instruction saying that the evidence must, before a conviction could be had, be sufficient to satisfy the jury beyond a reasonable doubt of the defendant's guilt. It was unnecessary to give both of these instructions. *Reed* v. *State,* 54 Ark. 621.

No error is found in the proceedings, and the judgment is affirmed.

HILL, C. J., and HART, J., (dissenting.) The evidence of corroboration of the accomplice is dependent upon vague threats made from four to eight months prior to the fire that the defendant would burn the gin, and some circumstances tending to prove that the fire might have been of incendiary origin. Where the *corpus delicti* is so insufficiently proved (other than by the accomplice), and the threats were so remote in time

from the fire, we do not feel that the statute requiring corroboration is sufficiently met.