## HOLT *v.* STATE.

### Opinion delivered December 4, 1916.

LIQUOR—ILLEGAL SALE.—The evidence held sufficient to warrant a conviction for the crime of selling whiskey illegally.

Appeal from Howard Circuit Court; *Jefferson T. Cowling*, Judge; affirmed.

*J. G. Sain*, for appellant.

1. There is nothing in the record to show *when* or *where* defendant sold the whiskey.

2. It was error to refuse instructions 2 and 4.

*Wallace Davis*, Attorney General, and *Hamilton Moses*, Assistant, for appellee.

1. The date of the sale and place was sufficiently established. 125 Ark. 47.

2. There was no error in the court's refusal of instructions. 34 Ark. 649; 52 *Id.* 180; 58 *Id.* 472; 84 *Id.* 607.

HUMPHREYS, J. Will Holt was indicted on the 22d day of August, 1916, by the grand jury of Howard county, Arkansas, for selling intoxicating liquors in Howard county and State of Arkansas, on the 1st day of June, 1916.

On the trial of the cause, the jury returned a verdict of guilty against the defendant and assessed his punishment in the penitentiary at one year.

Appellant insists on a reversal of the judgment for the reason, he says, there is nothing in the record to show *when* or *where* he sold the whiskey in question, and because the court refused to give instructions 2 and 4 asked by him.

The court told the jury that if they believed "from the evidence beyond a reasonable doubt, that the defendant, in Howard county, Arkansas, since the first day of January, 1916, sold intoxicating liquors in any quantity, you will find him guilty and assess his punishment at imprisonment for one year in the State

penitentiary. If you have a reasonable doubt of his guilt, you would find him not guilty."

Will Gamble testified on the trial that he took some whiskey from the M., D. & G. depot, over to Will Holt's house, just before he was accused of making the sale. Being asked, "When?" he answered, "I believe it was Thursday evening." ".Q. Before the sale on Saturday night?" . "A. Yes, sir."

Monroe Jones, the prosecuting witness, stated that he bought one pint of whiskey from Will Holt at his house in Howard county and paid him one dollar for it.

There was other evidence tending to show the time and place.

We can not say the verdict was unsupported by the evidence.

Instruction No. 2, asked by defendant, is as follows: "The defendant is charged with the sale of whiskey to Monroe Jones, and you are instructed that you must find beyond a reasonable doubt that the sale was made; that Jones bought of the defendant the pint of whiskey and that he paid defendant one dollar for same, before you can convict him on the indictment in this case."

The questions of sale and reasonable doubt were fully covered by the court's instructions. It was not error to refuse this instruction. *Larimore* v. *State*, 84 Ark. 606.

Instruction No. 4, asked by defendant, is as follows: "You are further instructed that it is not against the laws of the State of Arkansas for a person in ordering whiskey to use the name of another person in making the order, and the fact that the whiskey out of which it is alleged that this pint of whiskey was sold was ordered in the name of John Gamble, is not a crime under the laws of the State of Arkansas."

The fact that appellant was ordering whiskey in Gamble's name as often as the record shows he did, was a circumstance tending to prove he was in the liquor business. The issue was, did he sell it, not in whose

name he ordered it. The instruction in the form asked could only serve the purpose of diverting the minds of the jury from the real issue in the case.

The case was presented to the jury under proper instructions. There is evidence of a substantial character to support the verdict. The judgment is affirmed.