### FISHER *v.* STATE.

Opinion delivered January 28, 1924.

ARSON—DISTINCTION BETWEEN PRINCIPAL AND ACCESSORY BEFORE THE FACT.—Crawford & Moses' Dig., § 2417, providing that any person who shall wilfully and maliciously burn, or "cause to be burned, any dwelling house," etc., shall be guilty of a felony, *held* not to abolish the common-law distinction between a principal and an accessory before the fact, so that one who directed another to burn a certain building, but was not present when his order was carried out, could not be convicted as a principal.

Appeal from Pulaski Circuit Court, First Division: *John W. Wade,* Judge; reversed.

*Robert L. Rogers* and *Floyd Terral,* for appellant.

*J. S. Utley,* Attorney General, *John L. Carter* and *Wm. T. Hammock,* Assistants, for appellee.

HUMPHREYS, J. Appellant was indicted in the first division of the circuit court of Pulaski County for the offenses of accessory before the fact to arson and arson, in separate counts. At the conclusion of the testimony the State elected to rely upon the charge of arson, contained in the second count of the indictment, whereupon appellant requested the court to instruct the jury to find him

not guilty, and, upon refusal to do so, objected, and duly saved his exception.

The charge of arson against appellant was based upon § 2417 of Crawford & Moses' Digest, which is as follows:

"Any person who shall wilfully and maliciously burn or cause to be burned any dwelling house or other house, although not herein specifically named, the property of himself or of another person, shall be deemed guilty of a felony, and, upon conviction, shall be imprisoned in the State Penitentiary for a period of not less than two nor more than ten years."

The testimony introduced by the State showed that a store building in North Little Rock belonging to George Scott was burned on the night of July 1, 1921, by Joe Fisher, who had been instructed to do so by appellant, his father. According to the State's testimony, Joe Fisher, then over fifteen years of age, retired at 8 o'clock p. m., and was awakened by his father about midnight, who gave him a can of gasoline and some matches, directing him to go to the store, quite a distance from their residence, and burn it. Appellant did not accompany Joe, and was not present, aiding and encouraging the boy, at the time he set the house on fire.

Appellant testified in his own behalf, denying *in toto* the testimony detailed above. He attributed the testimony of the State to a conspiracy on the part of his daughter and son to send him to the penitentiary.

Other testimony was introduced by the State and appellant, which it is unnecessary to summarize. The court submitted the issue of the guilt or innocence of appellant, under the second count of the indictment, to the jury. A verdict of guilty was returned, and appellant was adjudged to serve a term of four years in the State Penitentiary as punishment therefor.

An appeal from the judgment of conviction has been duly prosecuted to this court.

Appellant was tried and convicted as a principal upon the charge of arson. While he was charged in a separate count with being accessory before the fact to arson, the State elected to rely upon the second count of the indictment, which charged him with being a principal in the crime of arson.

Appellant contends for a reversal of the judgment upon the ground that there is a fatal variance between the charge and proof. It is insisted that the proof is responsive to the charge of accessory before the fact to arson, but not responsive to the charge of principal in the crime. This is true, unless the distinction between principal and accessory was abolished by the Legislature.

Learned counsel for the State contend that the use of the words "or cause to be burned" in the arson statute abrogated the common-law distinction between a principal in the crime and an accessory before the fact to the crime.

If the distinction between the principal and accessory was abolished in the crime of arson by the use of said words, it follows that there was no variance between the charge and proof. We think the words used, however, were not intended to abolish this distinction. Long after the passage of the act this distinction was recognized by our court in the case of *Larimore* v. *State*, 84 Ark. 606. In that case the proof showed that Larimore paid another party $10 to burn Sutton's gin. He was convicted of being an accessory to the crime of arson. The judgment was affirmed by this court. Again, in the case of *Pritchett* v. *State*, 160 Ark. 233, this court took occasion to say, in an arson case, that one present, aiding and abetting in the commission of the crime, was admittedly a principal. This was tantamount to saying that an accused who was absent from the scene of the crime could not be convicted as a principal. It is true that these particular words in the statute were not called to the attention of the court in those cases, but this time-honored distinction was recognized in both cases. If

the Legislature had intended to abolish this distinction, it could have done so by the use of unambiguous words, or by use of words susceptible of only one meaning. We think the words ''or cause to be burned'' were included in the statute to reach persons who accomplished their purpose in burning any kind of house by the use of some inanimate agency, viz., by setting fire to something which will spread to and burn the house intended to be destroyed, and those present, aiding and abetting in the commission of the crime, and those present and compelling another by duress to commit the crime. In other words, the intention of the Legislature was to make the language broad enough to include every one as principals in the crime who could be charged and convicted as principals in the crime under the common law.

For the error indicated the judgment is reversed, and the cause is remanded for proceedings in accordance with law.