## KNOWLES *v.* STATE.

### Opinion delivered June 1, 1914.

1. CRIMINAL LAW—CONFESSION—CORROBORATION OF ACCOMPLICE.—A voluntary confession of a defendant made to one who is not an accomplice, is sufficient to corroborate the testimony of an accomplice. (Page 260.)

2. INCEST—SUFFICIENCY OF EVIDENCE.—Evidence of a voluntary confession of the commission of the crime of incest made by defendant to the officers who arrested him, is admissible to corroborate the testimony of the accomplice, so as to support a verdict of guilty. (Page 260.)

3. MARRIAGE—INDICTMENT—PROOF.—When an indictment charging incestuous adultery alleges that defendant was a married man when the crime was committed, evidence of a marriage certificate showing defendant's marriage several years before, coupled with testimony that the woman named in the certificate is defendant's wife, that she was at the trial and that defendant had lived with her for the past twenty years, is sufficient to establish that defendant was a married man when the crime charged was committed. (Page 260.)

Appeal from Benton Circuit Court; *J. S. Maples,* Judge; affirmed.

*Walter Mathews,* for appellant.

1. Pearl Knowles was an accomplice. 95 Ark. 233; 27 L. R. A. (N. S.) 872.

Proof of a confession of guilt made by the accused is not alone a sufficient corroboration of the testimony of the accomplice. Kirby's Digest § § 2384, 2385; 36 Ark. 117; 43 Ark. 367.

2. In a prosecution of this character, marriage of the accused in fact must be proved, and also the fact of his being married at the time the intercourse was alleged to have been committed. There is no competent proof in the record that *at the time* of the alleged offense, ap-

pellant was a married man.  36 Am. Dec. 742; Kirby's·
Dig., § § 5193-5195; 56 Pac. 534; 5 S. W. 651; Am. Ann.
Cases, 1912-A, 284; 34 Ark. 511; 88 Ark. 135; 95 Ark. 555.

*Wm. L. Moose,* Attorney General, and *Jno. P.
Streepey,* Assistant, for appellee.

1.   The objections to the instructions were *en masse,*
and will not avail in this court.  109 Ark. 130.  No ex-
ceptions were saved.

2.   The girl's testimony is sufficiently corroborated,
and the evidence is ample to show that the accused was
a married man at the time the crime was committed.

HART, J.  J. M. Knowles has appealed from a judg-
ment of conviction for the crime of incest, charged to
have been committed by committing adultery with Pearl
Knowles, his daughter.  The facts are as follows:

Pearl Knowles testified: I am eighteen years of age,
and am the daughter of the defendant, J. M. Knowles.
I have had sexual intercourse with him several times a
month for the past three years in Benton County, Ark-
ansas.  As a result of that intercourse, I gave birth to
a child.  It died about two or three days after its birth,
and my father·buried it in the yard near the house.  I
submitted to all these acts of intercourse of my own
accord.

Bob Campbell testified: I am chief of police of the
city of Eureka Springs, in Carroll County, Arkansas.  I
arrested the defendant there, and he wanted to know if
he was charged with murdering his child.  I told him that
he was charged with having sexual intercourse with his
daughter.  He said: "If I am not charged with murder-
ing the child, I am not uneasy.  I do not care for the
charge of doing business with my daughter, for I am
guilty of that."

Sid Murphy testified: I am constable in Benton
County, Arkansas.  I went to Eureka Springs after the
defendant was arrested there and brought him back to
Benton County.  While on the way back he confessed to
me that he had been having intercourse with his daugh-
ter, Pearl Knowles, for the past three years.

Campbell and Murphy each stated that the confession made to him was a voluntary one.

A marriage certificate was introduced to the effect that John M. Knowles· and Miss Catherine Edmonson were united in marriage in the State of Kansas on the 25th day of August, 1895.

Margaret Jerminiger testified: I live in the State of Kansas, and have known the defendant for twenty years. He lived in Kansas until about three years ago. The Catherine Edmonson mentioned in the marriage certificate above referred to is my sister and the wife of the defendant. He has lived with her as his wife since their marriage, and she is now present in the court room. I have visited them frequently during their married life.

Jane Lovette testified: I attended Pearl Knowles when she gave birth to the child testified to in this case. The baby died two days after it was born.

Counsel for defendant contends that the court erred in refusing to give the following instruction:

"The court instructs the jury that you can not convict the defendant upon the confession made by him to witnesses Sid Murphy and Bob Campbell unless such confession is accompanied by other proof that the offense with which the defendant is charged was actually committed by him and the proof required to accompany such confession, in order to convict the defendant, can not be made by Pearl Knowles alone."

Section 2385, of Kirby's Digest, provides that the confession of a defendant, unless made in open court, will not warrant a conviction unless accompanied with other proof that such offense was committed. See, also, *McLemore* v. *State,* 164 S. W. (Ark.) 119.

Section 2384, of Kirby's Digest, provides that a conviction can not be had in any case of felony upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof.

The testimony shows that the prosecuting witness voluntarily committed sexual intercourse with her father, and this made her an accomplice. In most jurisdictions where the question has arisen, it has been held that the evidence of a person who was a voluntary party to an incest must be corroborated, because of statutes requiring the evidence of accomplices to be corroborated. See case note to 18 Am. & Eng. Ann. Cases, at page 975; see, also, *Gaston* v. *State,* 95 Ark. 233. It is argued that the confession of the defendant is not a sufficient corroboration of the testimony of the prosecuting witness to warrant the conviction of the defendant. To support his contention, counsel relies upon the case of *Melton* v. *State,* 43 Ark. 367; but we do not think that case is authority for the position assumed by counsel. In that case the alleged accomplice testified that the defendant confessed to him that he had committed the crime, and his testimony, together with that of another accomplice, was held not sufficient to warrant a conviction. Here the confession was not made by the defendant to an accomplice, but was voluntarily made to the officers who arrested him. The defendant's own free confession was sufficient proof to show his own connection with the crime. It has been expressly held that a confession of a defendant made to one who is not an accomplice, is sufficient to corroborate the testimony of an accomplice. *Patterson* v. *Commonwealth,* 86 Ky. 313; *People* v. *Cleveland,* 49 Cal. 578; *Partee* v. *State,* 67 Ga. 570. In the latter case it was urged that the court erred in charging the jury to the effect that the confession of the defendant was sufficient proof or corroboration to support the testimony of the accomplice and to authorize a legal conviction if it believed that he had voluntarily and freely made it. The court expressly held that voluntary confessions are sufficient to corroborate the testimony of an accomplice so as to support a verdict of guilty. We are of the opinion, therefore, that the court did not err in refusing to give instruction No. 4, asked by the defendant.

In the case of *Martin* v. *State,* 58 Ark. 3, the court held that an indictment of a father for incest committed by adultery with his daughter is defective if it fails to allege that the father was at the time a married man. The indictment in the instant case does allege that the father was a married man at the time he committed the incestuous adultery; but it is contended by counsel for defendant that there is not sufficient proof to show he was married. We do not agree with him in that contention. A marriage certificate was introduced in evidence showing that the defendant had married Catherine Edmonson in the State of Kansas on the 25th day of August, 1895. Margaret Jerminiger testified that the Catherine Edmonson mentioned in the marriage certificate was her sister and the wife of defendant; that she was alive at the time of the trial, and that the defendant had lived with her as his wife for the past twenty years. This was sufficient to establish the fact that the defendant was a married man at the time the crime was committed.

There is no error in the record, and the judgment will be affirmed.