ROY *v.* STATE.

Opinion delivered January 23, 1922.

LARCENY—VARIANCE BETWEEN INDICTMENT AND PROOF.—To convict one of grand larceny when charged as a principal, the proof must show either that he committed the crime in person or that he was present, aiding and abetting, or ready and consenting to aid and abet, and it is insufficient where it tends only to show that he was an accessory before or after the fact.

Appeal from Polk Circuit Court; *James S. Steel,* Judge; reversed.

*Norwood & Alley,* for Appellant.

One not present when an offense is committed cannot properly be indicted as principal. 109 Ark. 498; 37 Ark. 274; 41 Ark. 173; 96 Ark. 58; 109 Ark. 389.

Defendant's objection to the opening statements of the prosecuting attorney should have been sustained. 62 Ark. 516; 71 Ark. 415.

The testimony of J. A. Thornton and Jim Murray as to an unlawful organization should have been excluded.

It was error to permit Jim Murray to testify that the defendant had been convicted of stealing chickens. One theft cannot be proved by another unless the two are so connected as to form parts of the same transaction. 39 Ark. 278; 91 Ark. 555; 120 Ark. 492; 110 Ark. 226.

It is error for the trial judge, either directly or indirectly, to express to the jury his opinion as to the weight of the evidence. 107 Ark. 469.

An instruction based on a state of facts not in evidence is erroneous. 54 Ark. 336; 82 Ark. 324.

Instruction No. 3 should not have been given. There was no evidence to show a conspiracy. 74 Ark. 554. Corroboration must be by other evidence tending to connect the defendant with the commission of the crime. 43 Ark. 367; 50 Ark. 534.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

An accessory before the fact is punishable as principal, but must be indicted as an accessory. 104 Ark. 245; 108 Ark. 447.

An accessory after the fact is one who, after full knowledge that a crime has been committed, conceals it or protects the one found guilty. C. & M. Digest, sec. 210.

One who advises or encourages the commission of a felony, but not present when committed, cannot be convicted under an indictment charging him as principal. 37 Ark. 274; 94 Ark. 548; 96 Ark. 62; 50 Ark. 313; 41 Ark. 17.

Where the record fails to show that the jury in a felony case was sworn, a judgment of conviction will not stand. 37 Ark. 61; 34 Ark. 357; 25 Ark. 83.

Under the foregoing authorities we confess error

Humphreys, J. Appellant was indicted in the Polk Circuit Court, as principal, for the crime of grand larceny, by unlawfully and feloniously stealing a cow, the

property of Ira McCown, in Polk County, Arkansas, on
the 10th day of September, 1921. At the same term of
the court he was tried and convicted of the charge, and
as punishment therefor sentenced to serve a term of one
year in the State penitentiary. From the judgment of
conviction he has duly prosecuted an appeal to this
court.

The evidence adduced on behalf of the State tended
to show that appellant was a member of an organiza-
tion in Polk County, Arkansas, banded together for the
purpose of stealing generally; that, pursuant to the in-
tent and purpose of said organization, Jim Murray,
Charlie, Jess and Allen Nichols did steal and drive out
of said county into Oklahoma a cow belonging to Ira
McCown; that after the cow was driven across the line
into Oklahoma appellant appeared and assisted the oth-
ers in butchering her.

In order to convict one of the crime of grand larceny
when charged as a principal in the crime, the proof must
either show that he committed the crime in person or
that he was present, aiding and abetting, or ready and
consenting to aid and abet in the crime. The proof, at
most, only tends to show that appellant was an accessory
before or after the fact of the crime. Before he could
have been convicted of the larceny under the evidence
adduced by the State, it would have been necessary to
charge him as an accessory either before or after the
fact of the crime. *Roberts* v. *State*, 96 Ark. 58; *Hunter*
v. *State*, 104 Ark. 245; *Jones* v. *State*, 108 Ark. 447.
There was a fatal variance between the proof and the
crime charged in the indictment.

For the error indicated, and confessed by the At-
torney General, the judgment is reversed and the cause
remanded for proceedings not inconsistent with this
opinion.