## Dodson *v.* State.

Opinion delivered November 16, 1925.

1. INTOXICATING LIQUORS—MAKING MASH—EVIDENCE.—In a prosecution of one as principal in making mash, evidence that defendant, pursuant to agreement, bought ingredients for others to make the mash, without showing that he was present at the time the mash was made or that he actually participated in the making thereof, was insufficient to sustain a conviction.

2. CRIMINAL LAW—CONVICTION IN FELONY.—One cannot be indicted and tried for a felony as a principal unless present, aiding and abetting in the crime.

Appeal from Clark Circuit Court; *J. H. McCollum,* Judge; reversed.

*Hardage & Wilson,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted in the circuit court of Clark County under act 324 of the Acts of the General Assembly of 1921 as a principal in making mash and possessing a still. Subsequently he was tried and convicted of making mash, and was adjudged to serve a term of one year in the State Penitentiary as punishment therefor. Appellant had duly prosecuted an appeal to this court from the judgment of conviction, seeking a reversal thereof upon the ground that the evidence is insufficient to support the verdict and consequent judgment.

The evidence tended to show that appellant was interested in making the mash by virtue of an agreement on his part to furnish the materials out of which to make same to John Ledbetter and Walter Dodson for a part of the whiskey.

John Ledbetter testified that he and Walter Dodson made such an agreement with appellant in Arkadelphia, and that, pursuant to the agreement, appellant bought ingredients for them to make the mash; that they were in the act of making the third run when the officers arrested Walter and himself.

The still was operated about a mile and one-half from the home of appellant, and Ledbetter testified that it belonged to appellant.

There is no evidence whatever in the record tending to show that appellant was present at the time the mash was made or that he actually participated in making same.

By reference to the act under which appellant was indicted, it will be seen that it does not make one merely interested in making mash a principal as is the case in the act prohibiting the manufacture or sale of intoxicating liquors; hence it was unlawful to indict appellant as a principal. He should have been indicted and tried as an accessory to the crime of making mash. One cannot be indicted and tried for a felony as a principal unless present, aiding, and abetting in the crime. The evidence fails to show that appellant was present, aiding and abetting in making the mash. For this reason, the judgment must be reversed and the cause remanded for further proceedings not inconsistent with this opinion. It is so ordered.