GRIFFIN *v.* STATE.

## Opinion delivered January 17, 1927.

1. CRIMINAL LAW—CORROBORATION OF ACCOMPLICE.—Under Crawford & Moses' Dig., § 3181, a conviction of a felony cannot be had on an accomplice's uncorroborated testimony as to defendant's connection with the commission of the crime, whether the court and jury believed the accomplice or not.

2. CRIMINAL LAW—COMPETENCY OF TESTIMONY.—Testimony that the pages of a hotel register for dates mentioned by an accomplice as those on which defendant was registered there were missing, *held* incompetent, in absence of any showing that defendant had anything to do with their removal.

Appeal from Hempstead Circuit Court; *James H. McCollum,* Judge; reversed.

*Steve Carrigan,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

MEHAFFY, J. The appellant, David L. Griffin, was convicted of the crime of burglary and grand larceny. He contends that the evidence is not legally sufficient to support the verdict.

The law provides that a conviction cannot be had in any case of felony upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof. Crawford & Moses' Digest, § 3181.

Joe Mayfield testified that the appellant, two others and himself, participated in the burglary of the bank at Washington, Arkansas, as charged in the indictment; that, prior to the burglary, witness was at Van Buren, Arkansas, where he met the appellant, and that the appellant told him about the bank at Washington and their intention to break into it and get the money, and that the appellant told him the other boys were over in Fort Smith, and asked him to come over to the St. Charles Hotel, room 6. That he went over there, and found the door locked, but afterwards met the appellant.

That the date he was at the St. Charles Hotel was ten or twelve days before the crime was committed. That he and appellant met again the next day and discussed the bank robbery, and the appellant caught a train and went to Little Rock. Witness said that he and his companions, other than appellant, were registered at the Como Hotel, in Fort Smith. That appellant caught the train on Friday morning, and that witness and the other parties connected with the robbery went through that evening. There is not a scintilla of evidence that appellant was in Fort Smith or was with Mayfield either at Fort Smith or Van Buren, except the testimony of the accomplice.

Witness further testified that they left Little Rock at one o'clock and went to Texarkana, and registered at the Courier Hotel; that the appellant was registered at the Benefiel Hotel. He then tells about how the bank was broken into and robbed, and the part that he claims the appellant took in the matter. The proof also showed that the register containing the name, D. L. Griffin, was got from the Benefiel Hotel at Texarkana, and that they secured a letter which appellant had written while he was in the custody of the penitentiary officers at Little Rock, and expert witnesses testified that the signature on the hotel register and the signature to the letter which appellant had written were both, in their opinions, written by the same person, although they admitted there was some difference in the way the name was written. The cashier of the bank also testified that, some months before, a man came to the bank at Washington, asking for help, and he gave him fifty cents or a dollar, and, while he would not say that appellant was the same man, he really believed he was. The State also introduced a witness who testified that he had gone to the St. Charles Hotel at Fort Smith, and that the leaves of the hotel register for the dates which Mayfield said appellant was at the St. Charles Hotel, had been torn out, were missing.

Edwards, one of the parties who, Mayfield testified, assisted in the crime, was convicted, and his conviction

was affirmed September 27, 1926.   It was there contended
that there was no corroboration of Mayfield's testimony,
but, in that case, a witness for the State testified that he
saw the defendant, Edwards, and Joe Mayfield in Hope
on the 15th day of December, 1925, the day before the
burglary; that the defendant and Mayfield stayed around
the railroad station a good deal that afternoon, and that
the witness recognized defendant as one of the parties he
had seen in Hope.   A deputy sheriff also testified for
the State in the Edwards case, to the effect that he heard
Edwards tell his wife to go ahead and borrow the money
and when he got out of there he would rob another bank
and they would have plenty of money; that this statement
of the defendant to his wife was voluntarily made and
was in the presence and hearing of the deputy sheriff.
The court in the Edwards case said that the tes-
timony of the deputy sheriff and the constable tended
to connect the defendant with the commission of
the crime and sufficiently corroborated the testimony of
Joe Mayfield.   In this case, however, there is no testi-
mony, except the testimony of the accomplice, that appel-
lant was ever seen in the company of any of the persons
who committed the robbery, and no testimony that he ever
said a word indicating that he had anything to do with
the bank robbery or knew anything about it.   In other
words, there is no testimony corroborating Mayfield's
testimony tending to connect appellant with the com-
mission of the crime.

Since the statute expressly provides that a convic-
tion cannot be had in the case of felony upon the testi-
mony of an accomplice, unless corroborated by other evi-
dence tending to connect the defendant with the commis-
sion of the offense, and there being no such corroborating
testimony in this case, it follows that his conviction was
wrong.   It is immaterial whether the court and jury
believed the accomplice or not.   His story may have been
such and his manner such that, from his testimony alone,
there would be no reasonable doubt about the appellant's
guilt, but, if that were true, under the statute above

quoted he could not be convicted without evidence corroborating the accomplice, and, as we have said, there is none in this case.

We also think that the testimony of the sheriff, to the effect that he examined the register of the hotel in Fort Smith and found that the pages for the dates mentioned by Mayfield were missing, was incompetent, as it did not tend in any way to show that Griffin had anything to do with the removal of the pages or the mutilation of the record.

We find no other prejudicial errors in the record, and, for the errors above mentioned, the case will be reversed, and remanded for new trial.