## YATES *v.* STATE.

Opinion delivered September 22, 1930.

*W. D. Swaim,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

HART, C. J., (after stating the facts). The only ground relied upon for a reversal of the judgment is that

the evidence is not legally sufficient to support the verdict. It is claimed that Chester Benson was an accomplice in the theft of the automobile, and that there is no substantial corroboration of his testimony as required by the statute.

An accomplice is one who could himself be convicted of the crime charged against the defendant, either as principal or accessory. *Henderson* v. *State,* 174 Ark. 835, 297 S. W. 836.

Under the evidence adduced, the jury might have found that Chester Benson was present and participated in the theft of the automobile. It is true that he denied having anything to do with the theft of the automobile and said that he was not present when it was taken, but it cannot be said that his testimony in this respect is uncontradicted. According to the testimony of the owner of the automobile, four distinct sets of tracks of persons were found near where the automobile had stood just before it had been stolen. One set of tracks appeared to have been made by a crippled person who walked with a cane or a crutch. According to the testimony of the sheriff, he found Chester Benson and Buster Yates hiding near the automobile where it had stalled in the road for lack of gas. He arrested both of them, and had them in the car with him when he returned the automobile to its owner. The owner of the automobile testified that the sheriff had Buster Yates and the crippled fellow in the car when he returned it to him. From this testimony it might be inferred that Chester Benson was the crippled fellow, and it might also be inferred from the testimony of the owner of the car that the tracks of the crippled fellow found near the car were those of Chester Benson. Hence, if Benson was found to be an accomplice, it was necessary to corroborate his testimony by that of other witnesses tending to connect the defendant with the commission of the crime, and this testimony must be of a substantive character. *Middleton* v. *State,*

162 Ark. 530, 258 S. W. 995; and *Griffin* v. *State*, 172 Ark. 606, 289 S. W. 765.

This brings us to a consideration whether there is any substantive testimony, independent of that of Chester Benson, tending to connect the defendant with the theft of the automobile. The uncontradicted evidence shows that Chester Benson, Buster Yates, Leonard Yates, Roy Cook, and James Foster and Fred Taylor, all escaped from jail about 8:30 o'clock one evening, and went into the woods near the home of the parents of the Yates brothers. On the next morning Buster Yates went to the home of his parents and got them some breakfast. About noon of that day, Fred Taylor left the party and later on the day was captured by the sheriff. He told the sheriff about the others being camped in the woods near an old mill site. The owner of the automobile also reported its theft to the sheriff. The sheriff followed the tracks of the automobile down towards Fordyce, and found it stalled in the road because there was no gas in the tank. He searched in the woods nearby, and arrested Buster Yates and Chester Benson who were hiding there apparently in charge of the automobile. They reported that Leonard Yates and Roy Cook had gone to secure some gas. The sheriff took Chester Benson and Buster Yates in the car with him and went to Fordyce. Upon his return he found some gas had been placed in the tank of the automobile during his absence, and that there were two sets of tracks leading away from the automobile. Neither of these tracks were those of a crippled person. This indicated that the tracks were those of other persons than Buster Yates and Chester Benson, who, as we have already seen, was crippled. These facts tend to show that these parties had kept together, and all participated in the theft of the automobile. It is true that Buster Yates, Roy Cook and the defendant all testified that they had left the other persons before the automobile was stolen, but the jury might not have believed them. All of the witnesses testified that

Fred Taylor left them about noon on the next day after they escaped from jail. As we have already seen, the jury might have found that four persons were present and participated in the theft of the automobile. Buster Yates and Chester Benson were arrested near the automobile on the next morning after it was stolen. It is not shown that any other persons besides Leonard Yates and Roy Cook had been recently with them. Hence, the jury might have found that, notwithstanding their testimony to the contrary, they continued with Buster Yates and Benson and united with them in the theft of the automobile. Therefore, the judgment will be affirmed.