MAXWELL *v.* STATE.

Crim. 3862

Opinion delivered November 6, 1933.

*Rains & Rains* and *R. S. Wilson,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

McHANEY, J. Appellants were indicted, tried, convicted and sentenced to a term of three years each in the State penitentiary on a charge or robbery. The facts are that on May 28, 1933, the appellants robbed a number of people who were on a fishing party on Lee Creek in Crawford County. They first accosted Mr. and Mrs. Harmon, Harmon's sister, his mother and a little negro boy, and robbed them of certain personal property. All three of them were together at the time of this robbery. They left appellant, Oliver, in charge of these victims while the other two appellants went up the creek a short distance where Henry Geren and Paul Latchley were fishing and robbed Geren of $1.70. Shortly thereafter Oliver came up with the other victims, where they all remained for some forty-five minutes or an hour, when the three appellants left together.

For a reversal of the judgment against them, three grounds are urged as error: (1) That the court erred in permitting the sheriff to sit at counsel table advising with the prosecuting attorney and prompting him as to what questions to ask the witnesses; (2) certain prejudicial statements, actions and attitude of the court toward the defendant's attorneys, and (3) refusal of the court to instruct a verdict of acquittal as to appellant, Oliver.

1. The record fails to disclose any activity on the part of the sheriff or any participation in the trial, except the remarks of counsel for appellants in making an objection in which he stated: ''This morning and this afternoon the sheriff had set by and prompted the prosecuting attorney.'' In response to that statement, the court said: ''Gentlemen, I do not think that is necessary. We have been two-thirds of the day on this case. You have been prosecuting attorney, Mr. Wilson, and you would not object to the sheriff giving you help. All this spatting is wrong and acting like a bunch of school boys.'' To these remarks of the court, appellants' counsel excepted,

and this exception forms the basis of the second assignment of error. We think no error was committed in these regards, and that appellants' exceptions thereto are not well taken. The record fails to disclose any activity on the part of the sheriff except that counsel stated that the sheriff had sat by and prompted the prosecuting attorney. The sheriff is an officer of the court, and his duties no doubt demanded his presence, and we see no objection to his prompting the prosecuting attorney regarding matters within his knowledge when called upon by him. The point was ruled adversely to appellants' contentions in the recent case of *Ridenour* v. *State*, 184 Ark. 475, 43 S. W. (2d) 60.

Regarding the remarks of the court above set out, we think it fairly inferable that the language used was addressed to both the prosecuting attorney and counsel for appellants, was not offensive, and was not intended to be so. It was more an expression of impatience at the delay of both sides in trying the case, and was an attempt merely to hasten the trial. Nothing was said or done by the court pertaining to the merits of the cause. The remarks were provoked by an objection made by the prosecuting attorney to the examination of a witness by counsel for appellants wherein the latter made the objection first above quoted. We think there was nothing in the remarks calculated to prejudice the jury against counsel for appellants any more than against the prosecuting attorney or to convey to them the suggestion that one was making frivolous objections and saving captious exceptions any more than the other. *Vasser* v. *State, 75* Ark. 373, 87 S. W. 635.

3. The court correctly refused to direct a verdict for appellant, Oliver, for the reason assigned that he was not present when the other two robbed Geren. It is true that Oliver was some distance away guarding the other victims, but it is also true that they were all three participating in the same common purpose, all being conspirators, having the common purpose of committing the crime of robbery. In such case the act of one would be the act of all, and the crime was not completed until their

purpose had been accomplished and they had left the scene of their crime. Moreover, the act of Oliver in guarding the first victims was in aid of the other two in robbing Geren, for, if they had been left to themselves, they might have spread an alarm and the robbers been captured. He was therefore equally guilty with the one who actually took the money from Geren.

Affirmed.