CROW *v.* STATE.

Crim. 3914.

Opinion delivered January 28, 1935.

*Carrigan & Monroe,* for appellant.

*Walter L. Pope,* Attorney General, and *Leon B. Catlett,* Assistant, for appellee.

JOHNSON, C. J.   For the murder and attendant robbery of one Thomas Edgar Pearson on June 28, 1934, in Miller County, Arkansas, appellant was duly indicted as principal and upon trial was convicted as charged and her punishment assessed at life imprisonment in the State penitentiary, from which this appeal comes.

The first assignment of error relates to the trial court's refusal to grant a change of venue upon appellant's application therefor. In support of her application for change of venue, appellant filed the affidavits of a number of witnesses the form and tenor of which are as follows:

"State of Arkansas,

"County of Miller

"A. B. supporting the affidavit of the defendant, Lydia Crow, for a change of venue, states on oath that he is an elector and actual resident of Miller County, Arkansas; that he believes the facts set forth in the foregoing petition are true, and that the minds of the inhabitants of Miller County are so prejudiced against the defendant that she cannot obtain a fair and impartial trial in said county.                     "A. B."

Sections 3087 and 3088 of Crawford & Moses' Digest provide the manner of effecting changes of venue in criminal cases and read as follows:

Section 3087: "Any criminal cause pending in any circuit court may be removed by the order of such court, or by the judge thereof in vacation, to the circuit court of another county, whenever it shall appear, in the manner hereinafter provided, that the minds of the inhabitants of the county in which the cause is pending are so prejudiced against the defendant that a fair and impartial trial cannot be had therein."

Section 3088: "Such order of removal shall be made on the application of the defendant by petition setting forth the facts verified by affidavit, if reasonable notice of the application be given to the attorney for the State, and the truth of the allegations in such petition be supported by the affidavits of two credible persons who are qualified electors, actual residents of the county and not related to the defendant in any way."

It will be noted that § 3088 provides in express terms that the supporters of affiant be "not related to the defendant in any way" and it will also be noted that the supporting affidavits filed by appellant in support of her application for change of venue did not qualify themselves by stating that they were "not related to the defendant." The requirement of § 3088 that the supporting affiant be not related to the defendant is a condition precedent to the qualifications of such supporting affiant; therefore the court was correct in denying appellant's application for change of venue.

It is next urged that the trial court erred in refusing to direct a verdict of not guilty, as requested by appellant, of the crime charged in the indictment. This contention is grounded upon the theory that appellant was not actually present when Pearson was murdered, and therefore, if guilty of any crime, it is that of accessory before the fact and not as a principal. Section 2311, Crawford & Moses' Digest, provides: "All persons being present, aiding and abetting, or ready and consenting to aid and abet, in any felony, shall be deemed principal offenders, and indicted and punished as such."

In application of the statutory rule of law just quoted, Bishop on Criminal Law, vol. 1, p. 473, states the applicable rule as follows: "Some of the foregoing doctrines, the reader perceives, grow out of the necessity of there being a principal, compelling the law to recognize as such one who would be only an accessory if there had been present another subject to punishment. Where there is such other, no one will be a principal as abetting him unless in a position to render, if necessary, some personal assistance. Assuming one's will to contribute to the act, the test to determine whether he is a principal rather than an accessory is, whether he is so near or otherwise so situated as to make his personal help, if required, to any degree available. He need not be in the actual presence of the other principal; but if he is constructively there as thus explained, it is enough. For reasons already seen, this is specially so when he does something which enters into the offense, constituting a part of it."

It appears from the rule thus stated that it is not imperative that a principal be actually present at the scene of the crime when it is committed, but that constructive presence may suffice, and that this is specially true when he does some act which enters into the offense and which has a contributing part therein.

The facts and inferences deducible therefrom upon which appellant's conviction rests may be summarized as follows:

On June 28, 1934, the dead body of Pearson was found on his mail route in Miller County. The deceased was a rural mail carrier, and at the time of his death was making his usual route. The mail was found scattered upon the ground near his body. His pockets had been turned wrong side out, and the small pouch, in which stamps were carried, had been looted. Deceased's body when found had three bullet wounds therein, either of which might have produced death. On the date of Pearson's death, appellant, Paul Favors, and Elmore Smith met in the little village of Genoa in the forenoon and remained together until about 8 o'clock P. M. of said day, when they disbanded at Texarkana. Elmore Smith admitted upon trial that, at the suggestion and demands of appellant and Paul Favors, he undertook the robbery of Pearson, and in this attempt took his life. The three parties named were seen together by various witnesses near the scene of the crime immediately prior to and soon after the commission of the crime, which occurred about 4 o'clock P. M. Appellant's car was used as a means of transportation of Smith, Favors and appellant to and from the scene of the crime; appellant assisted in disguising Smith in preparation for the robbery, and she directed him "to go get the money." The testimony of Smith also reflects that appellant was not actually present at the scene of the crime, but was located at her car which was parked at a distance approximately 350 yards therefrom.

The jury was not required to receive and accept blindly the whole of Smith's testimony as true, but they were authorized to believe such of his testimony as they found to be true and to reject such parts thereof as they

found to be false. When thus viewed, the jury was authorized in finding that, by the joint acts of appellant, Favors and Smith, this atrocious crime was committed. Demonstrably, appellant, Favors and Smith acting jointly killed and murdered Pearson, or Smith and Favors, acting jointly, murdered him or Smith or Favors, acting independently, committed the crime, and it was exclusively and peculiarly the province of the jury to determine which of these parties committed the crime. Moreover, we are definitely committed to the doctrine that one may be convicted as principal although he is not actually present in person at the scene of the crime when committed. We so decided in *Simmons* v. *State*, 184 Ark. 373, 42 S. W. (2d) 549, wherein the facts and circumstances were not materially different from these here under consideration on this point; and the principle was again applied by us in *Maxwell* v. *State*, 188 Ark. 111, 64 S. W. (2d) 79.

Appellant cites *Friend* v. *State*, 109 Ark. 498, 160 S. W. 384; *Roy* v. *State*, 151 Ark. 471, 236 S. W. 599; *Dodson* v. *State*, 169 Ark. 877, 276 S. W. 1001, and several other opinions of this court as supporting the contention urged, but each of these cases can be easily distinguished on supporting facts, but it would serve no useful purpose to here set them out. It follows from what we have said that the court did not err in submitting this issue to the jury as was done.

Appellant next contends that reversible error was committed by the trial court by its refusal to direct a verdict of not guilty because the testimony of Elmore Smith, an accomplice, was not sufficiently corroborated as required by § 3181, Crawford & Moses' Digest. Appellant misconceives the force and effect of the State's testimony in corroboration of Smith's evidence. One witness, a Mr. Chambers, testified that he saw appellant, Favors and Smith together in the vicinity of the crime immediately prior to its commission, and that appellant undertook to cover up her face to keep witness from recognizing her. A Mr. Hensley testified that he saw appellant, Favors and Smith together in a Ford automobile in the immediate vicinity of the crime about 5

o'clock P. M. on the day of the murder. The sheriff of Miller County testified that Favors and appellant were together when he arrested them, and that he found the pistol with which Pearson was killed in the pocket of appellant's car. A Mr. East testified that appellant came to his home about 5:30 P. M., at a time when the three were on their way to Texarkana, on the date of the crime and borrowed an automobile jack from him. The sheriff further testified that he accompanied Smith to the place where the clothing which had been used in effecting Smith's disguise for the robbery had been burned, and that he found buttons and other evidences of clothing in the ashes. This testimony not only shows the commission of the crime charged, but tends directly to connect appellant therewith, and the trial court was correct in submitting this issue to the jury. See *Booe* v. *State,* 188 Ark. 774, 67 S. W. (2d) 1019.

Lastly, it is urged that reversible error was committed by the court in permitting the prosecuting attorney to argue to the jury, in effect, that it was not imperative that appellant be actually present at the scene of the crime when same was committed, as constructive presence would suffice; that in his opinion it would be unfair to send Favors to the penitentiary and not send appellant; that appellant was implicated with Favors and Smith in this murder, and that he wanted her convicted just as Favors had been convicted and as Smith would be assessed punishment in the future; that it would be a travesty of justice if appellant escaped punishment.

It has long been the established doctrine in this State that a wide range of discretion is allowed circuit judges in dealing with arguments of counsel before juries; this because they can best determine at the time the effect of unwarranted arguments. True, this discretion is not an arbitrary one, but may be reviewed in its exercise if abused. *K. C. S. Ry. Co.* v. *Murphy,* 74 Ark. 256, 85 S. W. 428; *Cravens* v. *State,* 95 Ark. 321, 128 S. W. 1037; *McGraw* v. *State,* 184 Ark. 342, 42 S. W. (2d) 373; *Shank* v. *State,* 189 Ark. 243, 72 S. W. (2d) 519.

228

We are unwilling to hold that the remarks of the prosecuting attorney, above referred to, were of such prejudicial effect as to amount to an abuse of the trial court's discretion in allowing same.

No prejudicial error appearing, the judgment of conviction is affirmed.