STEWART *v.* STATE.

Crim. 3968

Opinion delivered December 2, 1935.

914

*Golden Blount* and *Thomas J. Carter,* for appellant.

*Carl E. Bailey,* Attorney General, and *Guy Williams,* Assistant, for appellee.

SMITH, J. Appellant was tried under an indictment containing two counts. The first count charged him with the crime of burglary, the second, with that of grand larceny alleged to have been committed by stealing thirty dollars, the property of O. J. Clark. He was convicted upon the second count and given a sentence of one year in the penitentiary, from which is this appeal.

For a reversal of this judgment, it is insisted (a) that the indictment does not charge the commission of the crime for which appellant was convicted, (b) that, if he is guilty of any offense, the crime was that of accessory before the fact, whereas appellant was indicted as a principal; and (c) that the testimony is insufficient to sustain a conviction of any offense.

The second count of the indictment upon which appellant was convicted, charging him with the crime of grand larceny, contains allegations sufficient to charge the crime of robbery also. It alleges that appellant "did violently and forceably take thirty dollars from the person of him, the said O. J. Clark." This is a sufficient charge of the asportation required to constitute the offense of larceny. In vol. 2, Wharton's Criminal Law, (12th ed.), § 1163, it is said: "The taking of another's goods out of the place where they were put, though the taker be detected before they are actually carried away, is larceny. To taking it is essential that the thing should be moved from the particular portion of space which it occupied before the alleged taking, although the whole of it need not be moved from the whole of such space. To

take a thing from a person it is necessary that the taker should at some particular moment have adverse possession of the thing. But this independent, absolute control need endure only for an instant.''

In the case of *Routt* v. *State,* 61 Ark. 594, 34 S. W. 262, the facts were that the appellant had snatched money from another's hand, without force or putting in fear, but had subsequently used a pistol to prevent the owner from retaking the money. The appellant was indicted and convicted of the crime of robbery and given a sentence of ten years in the penitentiary. In the opinion on the original submission the conviction was reversed because, as was said, the testimony did not sustain the indictment. On rehearing, a motion of the Attorney General to modify the judgment was sustained, and, it was ordered that the appellant be sentenced for the crime of grand larceny. In so doing it was said that ''the charge of robbery made against the appellant in this case included larceny. The indictment alleges the value of the money taken to be $100, and under this indictment the appellant might have been convicted of grand larceny.'' The case of *Haley* v. *State,* 49 Ark. 147, 4 S. W. 746, is to the same effect. The reasoning of the court in announcing this conclusion was that the jury must have found the appellant guilty of larceny to have found him guilty of robbery, but had further found the aggravating circumstances of force and intimidation and the taking of the property from the person of the owner. The testimony in the instant case is to the effect that Clark was robbed of his money by men named Corbis and Ferguson, but appellant was in an automobile one-quarter of a mile away at that time. The testimony is also to the effect that appellant drove in his car from Cave City to Bald Knob where the robbery was committed (a distance of about 100 miles) the two persons were identified as the actual robbers and who confessed their guilt and implicated the appellant as their confederate. Appellant and one McLain remained in the automobile with their lights turned off but with the motor running while Corbis and Ferguson went into the filling station, committed the robbery and returned, running toward the

car, calling to the occupants as they approached the car, ''Get the engine running,'' or words to that effect.

This testimony is sufficient, upon the authority of the case of *Crow* v. *State*, 190 Ark. 222, 79 S. W. (2d) 75, to sustain the finding that appellant was present and therefore was properly indicted as a principal. He performed essential functions in the commission of the crime. He brought the actual robbers to the approximate scene of its commission, and he carried them away after it had been committed, and in the interval had kept his motor running to avoid delay.

As to the sufficiency of the testimony, it may be said that appellant's own witness testified that appellant drove from Cave City to Bald Knob on the day of the robbery, and that Corbis and Ferguson were in the car when it was driven into Bald Knob. Appellant did not testify, but testimony in his behalf was offered to the effect that he picked Corbis and Ferguson up south of Batesville and was paid $3.50 by them to drive them to Bald Knob. One of the principal roads in the State runs from Little Rock through Bald Knob and on to and beyond Newport. When the automobile left Bald Knob, it was driven a mile and one-half toward Augusta, which is not on the road to Newport and then was turned around into the road to Newport. Corbis and Ferguson testified that upon reaching the car after the robbery the money was split four ways and appellant was given one-fourth of it less a few cents in change—which Corbis testified he did not divide. He stated that after the division the purse was thrown out onto the road. The purse was found early the next morning and was returned to and identified by Clark. Corbis and Ferguson testified that, before committing the robbery, they first cooked supper on the side of the road near Bald Knob at a place called ''The Jungle'' where tramps frequently resorted, and that appellant went for and purchased a loaf of bread. Appellant admitted buying the bread and that he bought nothing to eat with it. He told the sheriff he was alone while in Bald Knob. This testimony is sufficient corroboration of that of the admitted accomplices to sustain the conviction.

No error appearing, the judgment must be affirmed, and it is so ordered.