PORTER v. STATE.

4342                                                                 177 S. W. 2d 408

Opinion delivered February 7, 1944.

*John P. Vesey*, for appellant.

*Guy E. Williams*, Attorney General, and *Oscar E. Ellis*, Assistant Attorney General, for appellee.

HOLT, J. Appellant, Thelma Porter, and Georgia Nolan, on information, were charged jointly with the crime of grand larceny. Thelma Porter was tried, convicted, and the jury assessed her punishment at one year in the state penitentiary. From the judgment comes this appeal.

For reversal, appellant contends: "1. The court erred in overruling the motion of the appellant for a

continuance. 2. The evidence in the case is not sufficient to sustain a conviction for grand larceny.''

Since we have reached the conclusion that appellant's second contention must be sustained, it becomes unnecessary to consider the first assignment.

Georgia Nolan, a witness for the State, was an accomplice, and under our long established rule, the appellant cannot be convicted upon her uncorroborated testimony. Section 4017, Pope's Digest, provides: ''A conviction cannot be had in any case of felony upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed, and the circumstances thereof.'' *Griffin* v. *State,* 172 Ark. 606, 289 S. W. 765.

While appellee concedes this to be the rule, it is argued that Thelma Porter confessed her participation in the crime to the arresting officers and that this confession was sufficient corroboration of the accomplice. This would be true if Thelma Porter's alleged confession were freely and voluntarily made, this court so held in *Knowles* v. *State,* 113 Ark. 257, 168 S. W. 148. The record reflects that appellant made timely objection and saved exceptions to the admission of appellant's alleged confession.

We turn now to the testimony to determine whether the trial court erred in permitting appellant's confession to go to the jury.

On behalf of the State, Jesse McFadden testified that he had lost $146, which he had placed in a trunk in his home; that at the time he missed this money, a negro girl, Georgia Nolen, the accomplice, was cleaning his house and that so far as he knew she was the only one in the house when the money disappeared.

Georgia Nolan testified that she stole the money from Jesse McFadden and gave it to Thelma Porter; that ''I don't steal,'' but upon the occasion in question, she was forced to steal the money because she had been hypno-

tized by Thelma Porter; that appellant hypnotized her by sprinkling some powder on her head and in the four corners of the room, on Georgia, and then sent her forth to steal the money. She further testified that she felt crazy, that she took the money and gave it to appellant and appellant gave her $5 for her services.

Mr. Brown, with another officer, Frank McGibbony, went to Thelma Porter's home and arrested her. While taking her to town, Brown testified: "We told her that if she had the money and would release it, it might make it lighter on her," and officer McGibbony testified: "Q. If I understand you correctly, at the time the statement was made to her, if she would get up the money it might be lighter on her—that was before she had admitted to getting it? A. Yes, we told her if she would get it up and pay it back, since McFadden is her uncle, it might be lighter on her." He further testified: "She first said she didn't know anything about it at all. We talked with her quite some time and started to town with her and Georgia Nolan in the car, and she said, 'I have it,' and if we would take her back she would get the money. She said she had the money hid under her trunk. We went back and looked under the trunk and it wasn't there. She said she thought her husband would be gone, and she didn't want him to know anything about it." Immediately following this testimony of McGibbony, the record reflects: "Attorney for Defendant: I ask the court to exclude from the jury the testimony of this witness as to any admission she made and the testimony of officer Brown and all admissions because the hope of reward was held out to the defendant to make these admissions. The Court: Overruled."

We think the court erred in allowing the alleged confession to be introduced as evidence, under the facts and circumstances presented here.

The appellant, a negro woman 29 years of age, the mother of three minor children, the youngest but ten months old, was arrested at her home by two police officers, who charged her with a felony. At the time of her arrest, she had never been charged with any offense

before and had never been in court. She was ignorant. Jesse McFadden is her uncle. She denied that she induced Georgia Nolan to steal the money in question; denied that she had hypnotized her or that she had anything to do with the theft.

In *Sullivan* v. *State,* 66 Ark. 506, 51 S. W. 828, this court held: (Headnote 1) ''A confession by one accused of larceny is inadmissible if it is induced by the promise of the owner of the stolen property that if accused would confess he would make it easy with him,'' and in the body of the opinion it is said: ''In Warickshall's Case, 1 Leach's Cr. Cas. 299, Eyre, C. B., said: 'A free and voluntary confession is deserving of the highest credit, because it is presumed to flow from the strongest sense of guilt, and therefore it is admitted as proof of the crime to which it refers; but a confession forced from the mind by the flattery of hope or by the torture of fear comes in so questionable a shape, when it is to be considered as the evidence of guilt, that no credit ought to be given to it; and therefore it is rejected.' ''The material inquiry, therefore, is whether the confession has been obtained by the influence of hope or fear applied by a third person to the prisoner's mind.' 1 Greenleaf, Ev. § 219. Lord Campbell stated the rule to be that 'if there be any worldly advantage held out, or any harm threatened, the confession must be excluded.' *Reg.* v. *Baldry,* 16 Jur. 599, 12 Eng. Law & Eq. 590. If the threat or inducement is held out, actually or constructively, by a person in authority, it cannot be received, however slight the threat or inducement; and the prosecutor, magistrate or constable is such a person. 1 Greenleaf, Ev., § 222; *Com.* v. *Sego,* 125 Mrss. 210; Knapp's Case, 10 Pick. 478, 20 Am. Dec. 534; *Charles* v. *State,* 11 Ark. 389; *Corley* v. *State,* 50 Ark. 305, 7 S. W. 255; *Reg.* v. *Moore,* 16 Jur. 622; 12 Eng. Law & Eq. 583.''

As was said in *Dewein* v. *State,* 114 Ark. 472, 170 S. W. 582, ''In determining whether a confession is voluntary or not, the court should look to the whole situation and surroundings of the accused. Hence it is proper to consider his age, the strength or weakness of his intellect, etc.''

It seems clear to us, in the instant case, that the officers, in authority at the time, after they had taken this negro woman in custody and while they were taking her, presumably to a committing magistrate, when they said to her, "If she had the money and would release it, it might make it lighter on her," this must have conveyed to the mind of this simple woman a promise that if she would confess to the crime, her award would be a very light punishment. Certainly this hope was held out to her at the time, and since this evidence is undisputed, its effect was to make the confession involuntary.

Under the rules above announced, we think the court erred therefore in admitting it.

The judgment is reversed, and the cause remanded for a new trial.