BOBBY PAYNE v. STATE OF ARKANSAS

5-5407 438 S.W. 2d 462

Opinion Delivered March 24, 1969

*Fitton, Meadows & Adams* for appellant.

*Joe Purcell,* Atty. Gen. and *Don Langston,* Asst. Atty. Gen. for appellee.

LYLE BROWN, Justice. Appellant Bobby Payne was tried by a jury, convicted and sentenced to one year in the penitentiary on a charge of abetting an arson. Appellant challenges the sufficiency of the evidence and asserts error in the giving of an instruction.

The only question which is properly before us is the sufficiency of the evidence to support the verdict. On the night of December 28, 1967, one of three barns owned by Edwin McClellan burned; it was filled with dry hay; the night was clear and cold; and the owner, who lived on the farm, discovered the fire a few minutes after it ignited. Lynn Beavers testified that he helped burn the barn and had pleaded guilty; that he was sixteen years of age and a cousin of the defendant; that a few days before Christmas, Payne drove him to the farm and showed him the barn; and that Payne told him he could make $25 by burning it. Beavers further testified that on the night the barn was burned he drove to the Riverside Cafe at Calico Rock in company with Richard Flock; and that Beavers and his companion Flock there met Bobby Payne, who advised Beavers that he (Payne) would pay $50 for the burning of the barn. According to Beavers, he was advised that one Gene Fields, a neighbor of the prosecuting witness, would pay the money to Payne, who would in turn compensate the boys for the burning. Both Beavers and Flock testi-

fied that after the conversation with Payne, they headed for Calico Rock and after driving a few miles turned back, went to the barn, and burned it.

The fourth and last witness for the State was not an accomplice. He was fifteen-year-old Sonny Chaffin. His testimony was to the effect that Bobby Payne approached him about a week before Christmas 1967; that Payne inquired of Chaffin if he wanted to make some money; that when Chaffin inquired of the nature of the work, Payne invited Chaffin for a ride; that they drove out of Norfork and to the McClellan farm where Payne pointed out a barn and said he would give Chaffin $50 to burn it; and that Chaffin advised Payne he would have nothing to do with it.

Bobby Payne was the only witness for the defense. He testified that he was twenty-seven years old and lived at Calico Rock. He related that Gene Fields had offered him $50 to burn the McClellan barn; and that he had recounted the conversation at different times to Beavers, Chaffin, and others, but not with the intention of encouraging them to do the burning. He denied having pointed out the barn to any of the State's witnesses. On the night of December 28 he says he was sitting in a truck at the Riverside Cafe with Don Lackey, a merchant at Norfork; that Beavers and Flock drove on the parking lot and called Payne to their car; that Beavers "asked me if they would go do it if I would get the money for them"; that Payne started talking to them but Beavers interrupted the conversation and drove off, making the statement as he left that "we are going to go do it." Shortly thereafter the barn burned.

If the testimony of Sonny Chaffin, independent of the testimony of Beavers and Flock, tended to connect Payne with the commission of the crime charged, it is sufficient corroboration of the accomplices. *Smith* v. *State,* 199 Ark. 900, 136 S.W. 2d 673 (1940). Of course, Chaffin's testimony is required to be of substantive

character. *Yates* v. *State,* 182 Ark. 179, 31 S.W. 2d 295 (1930). If an accomplice is corroborated as to some particular fact or facts, the jury is authorized to infer that the accomplice speaks the truth as to all. 2 Wharton's Criminal Evidence, § 469 (1955).

The testimony of Chaffin convinced the jury that appellant was shopping for a prospective arsonist within a matter of days before the fire. From that testimony we think the jury was authorized to reasonably infer that the accomplice Beavers was telling the truth when he testified that appellant proposed that Beavers set the fire. A very similar situation is to be found in the recent case of *State* v. *Dills,* 416 P. 2d 651 (Oregon 1966). Oregon's statute comports with our statute prohibiting a conviction on the uncorroborated testimony of an accomplice. There an accomplice testified for the State. Another witness, not an accomplice, testified that the defendant offered the witness $500 to burn the house. He did not accept the offer. Three days later the house burned. The Court held that the testimony of the latter witness corroborated the accomplice and upheld the conviction. Also, it could here have been of some significance to the jury, and properly so, that appellant met with Beavers and Flock shortly before the latter set the fire. Again, the jury may have attached some importance to the fact that Don Lackey was not called as a witness by appellant, nor was Lackey's absence explained. Lackey was said to be present at the Riverside Cafe in company with appellant at the time Beavers and Flock drove up before the fire. If appellant was testifying truthfully then Lackey's testimony could have corroborated appellant to some extent.

The other point advanced for reversal is that one of the instructions given by the court was incomplete. The challenge comes too late. No objection was made to that instruction at the time it was given, nor did the defendant incorporate the alleged error in his motion for new trial. It was his duty to object, except to an

434

overruling of the objection, and carry the assignment of error forward in his motion for new trial.[1] *Randall* v. *State,* 239 Ark. 312, 389 S.W. 2d 229 (1965).

Affirmed.

---

[1] Appellant's counsel on appeal did not participate in the trial.