Robert MOORE *v.* STATE of Arkansas

CR 87-181                                           751 S.W.2d 345

Supreme Court of Arkansas
Opinion delivered June 13, 1988

*L. Gene Worsham*, for appellant.

*Steve Clark*, Att'y Gen., by: *R.B. Friedlander*, Solicitor General, for appellee.

DAVID NEWBERN, Justice. This is a first degree murder case in which the appellant, Robert Moore, was sentenced to life imprisonment after having been found guilty of shooting to death his estranged wife Brenda Moore. Lisa Johnson testified she was Moore's accomplice. She said she participated in planning the crime and drove Robert Moore to Brenda Moore's place of employment on the day the crime occurred.

The only question raised is whether there was evidence to corroborate Ms. Johnson's testimony and thus satisfy the requirement of Ark. Code Ann. § 16-89-111(e)(1) (1987) that there be "other evidence tending to connect the defendant with the commission of the offense." We agree with the trial court that the requirement was satisfied by testimony showing strong animosity between the Moores including evidence that Robert Moore threatened to kill Brenda Moore. We affirm the conviction.

Brenda Moore was shot to death on November 14, 1986. There were no eye witnesses to the crime, but several witnesses testified they saw a person leaving the scene of the crime about the time it was committed. Their descriptions varied, but all testified

the person was wearing a ski mask and gloves. The fleeing person was clothed so as to cover all but the eyes so that one could not tell the color of the person's skin or if the person was male or female.

Police were called to the crime scene at 1:15 p.m. At 2:00 p.m. Robert Moore called the office where his wife had worked and asked if his wife had been hurt. He was picked up by the police at the place from which he had called. In addition to other clothing, he was wearing two layers of trousers and a ski mask rolled up and made into a cap.

Robert Moore's argument is devoted in large measure to demonstrating the weakness of the state's evidence. He notes that Lisa Johnson gave several stories which would have exculpated him before she turned state's evidence. He also notes that the state could not prove that he had shot a gun, as no powder residue was found on him or his clothing. There was no physical evidence to connect him with the crime. None of that is relevant to the point of the appeal. The jury apparently believed Lisa Johnson's courtroom testimony that Moore committed the crime and she helped him. The only question we have to decide is the one of corroboration.

Robert and Brenda Moore were involved in marital litigation. The crime occurred on the day before Robert was to have turned over the marital home and the children to Brenda pursuant to a court order. Earl Smith, who had been a fellow employee of Robert Moore at an airline and knew him through their church, testified that Robert had told him on four or five occasions that if Brenda got the children he, Robert, would have to kill her. Darryl Lamms, who had lived with the Moores for a time, testified he went to see Robert the evening Brenda died to offer his condolences. Robert told him he loved Brenda but she should not have "dogged him out."

In *Roberts* v. *State*, 96 Ark. 58, 131 S.W. 60 (1910), Taylor, who had been hired to do a killing, confessed and testified that Roberts was the one who hired him to do it. Another witness, Robinson, who may or may not have been found to be an accomplice by the jury, also implicated Roberts. We held that, whether or not Robinson was considered an accomplice, the evidence against the defendant was sufficient. A showing of "ill will and threats" resulting from a feud between Roberts and the

victim, who were rival store owners, was sufficient corroboration of Taylor's testimony whether or not Robinson was an accomplice. We followed the *Roberts* case in *Sargent* v. *State*, 272 Ark. 336, 614 S.W.2d 503 (1981). We have also held that evidence of unsuccessful attempts by an accused to procure the commission of a crime were sufficient to corroborate accomplice testimony. *Payne* v. *State*, 246 Ark. 430, 438 S.W.2d 462 (1969). *See also Larimore* v. *State*, 84 Ark. 606, 107 S.W. 165 (1907), where we found sufficient corroboration in testimony of a witness who, some four months before the crime occurred, overheard a conversation in which the accused and an accomplice discussed committing the crime.

The state's brief does not show compliance with Arkansas Supreme Court and Court of Appeals Rule 11(f) requiring that all objections decided adversely to the appellant be abstracted and all points appearing to the Attorney General to involve prejudicial error be briefed. While we do not condone this apparent failure to comply with the rule, in the interest of preventing the delay which would be caused by returning the briefs for compliance, the record has been examined here, and it appears that no errors prejudicial to the appellant occurred at the trial.

Affirmed.